In the Matter of the Application of SAMUEL J. WOOD, Appellant, to Compel the Acceptance and Filing by the BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent, of Certain Petitions Designating SAMUEL J. WOOD for the Party Position of Member of the County Committee of the Republican Party of the County of Queens from the Sixty-eighth Election District of the Sixth Assembly District of the County of Queens, for the Primary Election to be Held April 2, 1936.

JOSEPH BRINSTER, Objector, Respondent.

Second Department, March 24, 1936.

*Edwin C. Morsch*, for the appellant.

*Seymour B. Quell, Assistant Corporation Counsel*, for the respondent.

*Henry Vollmer, Jr.*, for the objector, respondent.

PER CURIAM. The subscribing witness, instead of giving his residence as the place from which he last registered, has given

the address of the place of registry. This is not a substantial compliance with section 135 of the Election Law. The defect is not cured merely because his residence may be ascertained through an examination of the records made at the place of registry. Variations from and exceptions to a statute of this kind lead to confusion and disorder and should not be encouraged, especially at times when the election machinery is so very heavily loaded.

We understand that in *Matter of Baum* and other cases (268 N. Y. 614) it was held that where a subscribing witness stated in his authenticating affidavit that he resided, at the date of his registration in 1934, at No. 230 West One Hundredth street, borough of Manhattan, whereas, in fact, he at that time resided at No. 230 West One Hundred and First street, there was not a substantial compliance with the statute.

The order should be affirmed.

LAZANSKY, P. J., JOHNSTON and TAYLOR, JJ., concur; HAGARTY and ADEL, JJ., dissent and vote to reverse on the ground that the statement of the subscribing witness to the petition substantially complies with the provisions of section 135 of the Election Law. (*Matter of Baum,* 268 N. Y. 614.) The Election Law, section 135, prescribes that the subscribing witness must be a duly qualified voter of the State and that he shall " *substantially* " set forth in his affidavit, among other things, his address and that he " was last registered for the general election in the year . . . . from . . . . . . . . . . . . . . . . . . (fill in street and number) in the (fill in city, county or village) in such State." The subscribing witness here set forth his address in his affidavit, but in setting forth the place from which he was last registered he stated the place of registration instead of his place of residence. While we are of opinion that the word " from," as used in the statute, contemplates the home address of the witness at the time he last registered, it is not entirely free from ambiguity and might be easily misinterpreted by those not accustomed to construing statutes. In any event the required information was to be found at the place of registry.

Order denying motion to direct the board of elections of the city of New York to accept the designating petitions of Samuel J. Wood and Christabel Hansel as candidates for the office of county committeeman of the Republican party, in the sixty-eighth election district of the sixth assembly district of Queens county, and to place their names on the ballot for the primary election to be held on April 2, 1936, affirmed.