In the Matter of the Application of HIRAM E. BENTLEY, Petitioner, for an Order Rejecting, Annulling and Canceling an Alleged Certified Copy of a Petition Filed with the Board of Elections, Rensselaer County, New York, by BERT G. SIMMONS, Town Clerk of the Town of Petersburg, Rensselaer County, New York, Respondent.

Supreme Court, Trial Term, Rensselaer County, October 15, 1936.

*John F. Murray, William H. Murray* and *Robert T. Murray,* for the petitioner.

*Taylor & Taylor,* for the respondent Simmons.

BERGAN, J.   Petitioner applies for an order " rejecting, cancelling and annulling " a certified copy of a petition filed with the board of elections of the county of Rensselaer by the town clerk of the town of Petersburg, Rensselaer county, for a referendum at the next general election upon the sale of alcoholic beverages in such town in pursuance of the provisions of section 141 of the Alcoholic Beverage Control Law.   The original of the certified copy is on file in the office of the town clerk of the town of Petersburg.

The provisions of section 144 of the Alcoholic Beverage Control Law authorize a proceeding to test the validity, sufficiency or legality of any petition for a referendum upon a local option " as though such petition were a certificate of nomination " under the provisions of the Election Law.   This proceeding is, therefore, governed by the provisions of section 142 of the Election Law, and the judicial determination of any question arising therefrom is governed by the provisions of subdivision 1 of section 330 of the Election Law.

It would seem to follow that, as the first step in a judicial review, a written objection to such a petition must be filed with the town clerk as the officer " with whom the original petition or certificate is filed " within the scope of section 142 of the Election Law.   The conformity with, or the accuracy of, the certified copy of the petition filed with the board of elections would seem, therefore, to have no special significance relating to the validity of the petition itself.

The requirement of the Alcoholic Beverage Control Law that the

certified copy be filed with the board of elections, indeed, would seem to be a part of the publication of notice of the filing of the original petition. Whether the failure to file an accurate certified copy would affect the validity of the referendum itself by reason of a technical failure to observe the provisions of the statute, is not presently before the court, but I am satisfied it would not offer a sufficient basis for an attack upon the sufficiency of the original petition.

It is alleged in the moving papers upon this application that the town clerk refused to permit an examination of the petition filed in his office. This is denied in the answer of the town clerk, but, if such refusal is to be deemed a fact, the appropriate remedy for one seeking to examine the original document is by mandamus to require the officer in whose custody the petition is intrusted to permit its examination.

The theory of the moving party upon this proceeding seems to be that although the certified copy of the petition filed with the board of elections of the county of Rensselaer is sufficient upon its face it is so inaccurate that it does not disclose that the original petition filed with the town clerk is insufficient upon its face, and that, if there is a requirement made by this court that a certified copy be filed with the board of elections which shall be a precise and exact copy of the original, there will then be available to the moving party a proceeding attacking the sufficiency of the petition. I am not persuaded that this result may thus be effected. The statute expressly provides that the objection to the petition must be filed with the officer with whom the original petition is filed within three days after the filing thereof. (Election Law, § 142.) This is a necessary prerequisite to the institution of the judicial proceeding authorized by subdivision 1 of section 330 of the Election Law.

The failure to file such objection with the town clerk within three days from the filing of the original petition in his office may not be cured by the subsequent filing of objections with the board of elections of a county based upon the certified copy filed with such board of elections. It must be quite apparent that the very nature of objections to petitions, either for designations or nominations under the provisions of the Election Law, or for the submission of questions upon local option under the provisions of the Alcoholic Beverage Control Law, requires that such objections be addressed to the original petition and filed in the office in which such original petition has been filed.

In so far as such objections are concerned, therefore, the exact conformity of the certified copy filed with the board of elections is

neither important nor controlling. I see no harm, however, in a requirement that the town clerk prepare and file with the board of elections a further certified copy which shall follow precisely the original on file in his office. The filing of an accurate certified copy, it seems to me, is his mandatory duty under the statute. But when and how such certified copy is filed cannot possibly be helpful in a judicial review of the sufficiency of the original petition. The time for such review has now clearly expired, the original petition having been filed September 14, 1936, and no objection thereto having been filed within three days.

Sufficient question has been raised to require some discussion of the requirements of petitions for a submission to the voters of towns of the question of local option in pursuance of article 9 of the Alcoholic Beverage Control Law. It would seem from the text of the statute that the requirements for a petition are sufficiently met when it has been signed by the electors of the town in a number amounting to twenty-five per cent of the votes cast in the town for Governor at the last preceding gubernatorial election and when it is acknowledged by the signers or authenticated by witnesses as provided in the Election Law in respect to a designating petition.

The statute does not expressly provide that all of the other requirements of a designating petition under section 135 of the Election Law be met. Reference to the Election Law is made only in respect to acknowledgment or authentication. It must appear from the face of the petition, I suppose, that the signatories thereto are " electors of the town." But it does not seem necessary that reference be made either to the date of the signature or to the election district in which the elector resides which are requirements specified for designating petitions under the Election Law. The irregularities complained of in this petition seem to relate to the omission of the dates and the failure to designate election districts, and, hence, are immaterial.

The application, in so far as it seeks an order " rejecting, annulling or cancelling " the certified copy of the petition filed with the board of elections, is denied, but the town clerk is required to file with the board of elections of Rensselaer county a further certified copy which shall conform with the original on file in his office.

Submit order accordingly.