In the Matter of the Application of HENRY BRICKMAN, ABRAHAM UNGER and EDWARD KUNTZ, Candidates of the All People's Party for Judges of the Court of General Sessions in the General Election of 1936, Petitioners, Respondents, to Compel the BOARD OF ELECTIONS OF THE CITY OF NEW YORK to Accept the Nominating Petitions Filed in Their Behalf and to Place Their Names upon the Voting Machines to Be Voted on in the Election to Be Held on November 3, 1936.

IRVING H. SAYPOL, Objector-Intervenor, Appellant, and BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Appellants.

First Department, October 28, 1936.

*Seymour B. Quel* of counsel [*Paul Windels, Corporation Counsel*], for the appellants.

*Irving H. Saypol,* objector-intervenor, appellant in person.

*Vito Marcantonio,* for the respondents.

PER CURIAM. The affidavits involved in finding of fact No. 1 and those affidavits necessary to support finding of fact No. 2 which were made by the witnesses Refuge, Quintana, Blethen, Cerrato, Peace and Corella substantially comply with the requirements of section 135 of the Election Law. (*Matter of Baum,* 268 N. Y. 614.) The result reached gives enough names to justify the order and the court has found it unnecessary to pass on the other affidavits which have been objected to. The nominating petition of Edward Kuntz for judge of the Court of General Sessions must, however, be stricken out since at the time of the filing he was not a resident of the county of New York but was concededly a resident of the county of Bronx. He was not " capable of holding " the office within the meaning of section 3 of the Public Officers Law. (*People* v. *Purdy,* 154 N. Y. 439.) The act of nomination is part of the process of choosing the incumbent of the office.

The order should be modified by striking out from the phrase " is not disqualified " in paragraph " 5 " of the order the word " not " and by striking out so much of the order as directs that the name of Edward Kuntz be put upon the voting machine as a candidate for judge of the Court of General Sessions of the All People's party, and as so modified, affirmed.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, UNTERMYER and DORE, JJ.; UNTERMYER, J., dissents in part.

UNTERMYER, J. (dissenting in part). In my opinion the petition was properly rejected by the board of elections as to Brickman, Unger and Kuntz on account of the insufficiency of the authenticating affidavits, which misstated either the address of the witness or the year of last registration. A statement of the address of the authenticating witness as required by section 135 of the Election Law has always been held to be essential to the validity of the petition. (*Matter of Lerner* v. *Cohen,* 262 N. Y. 450; *Matter*

of *Brownell* v. *Cohen,* Id. 707; *Matter of Dorsey* v. *Cohen,* 268 id. 620.) A statement of the date and place of last registration is now required by said section (as amd. by Laws of 1935, chap. 955), which amendment became effective on May 16, 1935. (*Matter of Padgug* v. *Board of Elections, City of N. Y.,* 245 App. Div. 849.) In my opinion a misstatement, however innocent, concerning the address of the authenticating witness or the date of previous registration is more misleading and results in a more serious impairment of the Election Law than the omission of any statement whatever. No doubt the correct facts might have been supplied " before the expiration of the time fixed by law for the filing of petitions for independent nominations," for in such a case " the petitions and new affidavits should be treated as refiled." (*Matter of Orange* v. *Cohen,* 268 N. Y. 481.) But to permit such affidavits to be considered after the statutory time for the filing of petitions has expired results in granting an extension of time within which nominating petitions may be filed, to the detriment of parties who may desire to make investigation.

I do not understand that *Matter of Baum* (268 N. Y. 614) is inconsistent with these conclusions. As I read the brief opinion of the court, it decided that the statement of authenticating witnesses, that they had become twenty-one years of age since the previous election and, therefore, had never registered, was a substantial compliance with the requirement concerning the date and place of last registration. (See *Matter of Wood* v. *Board of Elections,* 247 App. Div. 322.)

Order modified as indicated in opinion, and as so modified affirmed.