In the Matter of the Application of John H. Kollock, as Candidate for Mayor, and Blaise Sokolowski and Charles E. Reckenbeil, as Candidates for Village Trustees of the Village of New Hyde Park, Petitioners, for an Order Directing Village Clerk Edwin Russell, of the Incorporated Village of New Hyde Park, as a Member of the Board of Elections, and Each and Every Other Member of the Board of Elections of the Incorporated Village of New Hyde Park, to Place upon the Official Ballot the Names of the Petitioners as Candidates for Election to the Offices of Mayor and Village Trustees, Respectively, at the Election to Take Place on March 16th, 1937, in Said Village.*

Edwin Russell, Village Clerk, etc., Respondent.

Supreme Court, Nassau County, March 11, 1937.

*Irving Cahn*, for the petitioners.

*David Holman*, for the respondent.

Hallinan, J. The principal question to be determined upon this application is whether the nominating petition of the petitioners complies with the Election Law. It appears that the nominating petition consists of several sheets upon which appear the signatures of the signers thereof and that the authentication follows on a separate sheet.

Section 135 of the Election Law provides for two methods of authentication. The first requires that the individual signing

the petition must appear before a person authorized to take affidavits and there state that "the foregoing statement made and subscribed by him or her was true."

The second method for authentication is: "The petition also may be authenticated as to all the signatures upon a separate sheet by appending at the bottom of such sheet an affidavit of a witness, who is a duly qualified voter of the State, as to the subscription thereof."

The subscription provided for in the second method is: "I know each of the voters whose names are subscribed to the above sheet of the foregoing petition containing (fill in number) ————— signatures and each of them subscribed the same in my presence and upon so subscribing declared to me that the foregoing statement made and subscribed by him or her was true."

The second method of authentication was attempted to be employed in the case at bar. However, that authentication is defective, since contrary to the requirements that the affidavit of authentication be appended to each sheet of the petition, but one such affidavit is present in the petition under consideration, which consists of several sheets.

That these methods of authentication are intended to avoid the possibility of fraud, deception or confusion there can be no question and for that reason it is important that the statute be fully complied with. The form of subscription affidavit set forth in the act specifically refers "to the above sheet of the foregoing petition," which indicates clearly that each sheet of the petition must have a separate form of affidavit of authentication. Moreover, subdivision 2 of section 330 of the Election Law provides that an order in Special Term must be made "in the case of a certificate of nomination of a town or village officer, the seventh day preceding the day of election." In the case at bar the election for which the petitioners seek nomination takes place on March 16, 1937. This proceeding was made returnable on March 11, 1937, making it impossible for a court order to be entered on or before the seventh day preceding the date of election, and for that further reason the petition must be denied.

Submit order.