In the Matter of the Application of JOSEPH M. VALONE and Others, Appellants, for an Order Declaring Valid, Proper and Legally Effective the Designating Petitions Filed by Them with ROBERT W. SMITH and PATRICK A. GRIMES, Commissioners of Elections of the County of Monroe, New York, Respondents, Designating Petitioners as Candidates for Public Offices, etc.

Fourth Department, September 13, 1939.

*Milo I. Tomanovich,* for the appellants.

*Harry Rosenberg,* for the respondents.

PER CURIAM. Appellants filed a nominating petition consisting of several sheets stapled together. Instead of pursuing the first method of authentication authorized by section 135 of the Election Law, by having a notary certify that all the persons who signed the petition, naming them in his certificate, swear that they signed

the same and that the statements therein contained were true, they pursued the second method authorized by section 135 and had the person who secured the signatures himself swear that the persons signing, giving their number and not naming them, signed their names in his presence and stated to him that their statements were true.

Section 135 of the Election Law requires that where this second method of authentication is followed, the authentication must be made on the bottom of each " separate sheet." In the instant case the authentication was made at the bottom of the last of several sheets fastened together by staples and stated the number of persons who had signed the several sheets. We deem this an insufficient compliance with section 135 of the Election Law. (*Matter of Kollock* v. *Russell,* 162 Misc. 299; affd., 250 App. Div. 774; *Matter of McKague* v. *Pearsall,* 277 N. Y. 333. See, also, *Matter of Eul* v. *Kania,* 278 id. 695.)

'Appellants make the argument that " separate " sheets as the term is used in the statute means separated sheets and that where sheets are fastened together they are not separate sheets, but the Court of Appeals in its *per curiam* opinion in the *McKague* case (*supra*), which on the facts is similar to the instant case, said: " such affidavit must be appended at the bottom of each sheet of the petition containing signatures of the electors," and in the preliminary statement of facts in the *McKague* case reference is made to " separate sheets annexed."

There is a sufficient reason why an authentication at the end' of the last of one of several sheets is good where the first method of authentication is followed for the officer who certifies states the name of each and every person who signed the petition, but where the second method of authentication is followed, there is less safeguard against adding sheets the signatures to which were not secured in the proper manner unless the authentication is placed on each sheet.

The order should be affirmed, without costs.

All concur. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Order affirmed, without costs of this appeal to any party.