In the Matter of the Application of FLORA Y. BUSH, Petitioner, for an Order Directing WILLARD M. BARKER and JOHN F. OTIS, Constituting the Board of Elections of the County of Oswego, Respondents, to Omit from the Official Ballots Prepared for the General Election to Be Held in the Town of Boylston, November 7, 1939, the Four Questions as to Whether Alcoholic Beverages Shall Be Sold in Said Town, in Accordance with Group A, Section 141 of the Alcoholic Beverage Control Law, and Requiring MOLLIE PIERCE, as Town Clerk of the Town of Boylston, to Refrain from Posting and Publishing Notices that Said Questions Will Be Presented at Said Election.

MERTON E. SHOECRAFT, WILLIAM PRESLEY and ADELBERT EDWARDS, Respondents.

Supreme Court, Oswego County, October 24, 1939.

*Costello, Cooney & Fearon* [*George L. Richardson* of counsel], **for the petitioner.**

*Sargent & Ledden*, for the respondents, Merton E. Shoecraft, William Presley and Adelbert Edwards.

*Willard M. Barker* and *John F. Otis*, commissioners of elections of the county of Oswego, in person.

Morehouse, J.   Section 141 of the Alcoholic Beverage Control Law provides for the submission at a general election of certain questions relating to the sale of alcoholic beverages in towns.   It requires that a petition, requesting such submission, signed by twenty-five per centum of the electors of the town, be filed with the town clerk, and further outlines other requirements relating to procedure thereupon.   A written petition consisting of five sheets purporting to bear the signatures of seventy-nine electors of the town of Boylston, Oswego county, was filed in the office of the town clerk September 23, 1939, requesting the submission at the coming general election of four separate questions relating to the sale of alcoholic beverages.   The number of votes cast in that town at the last gubernatorial election was 186, so the required number of signatures upon such petition is forty-seven.

The petitioner, Flora Y. Bush, as an enrolled voter and taxpayer, proceeding by petition and order to show cause under the provisions of article 78 of the Civil Practice Act, has attacked the sufficiency and validity of the petition, and applied for an order directing the omission of these local option questions from the ballots to be prepared for the general election in the town of Boylston, to be held on November 7, 1939.   She alleges the failure of the petition, as filed, to comply in numerous respects with the requirements of section 135 of the Election Law, which prescribes the form and substance of a legal petition.   Among these are (a) failure to set forth the place of residence of some of the signers, (b) that the signature of the authenticating witness upon two sheets of the petition does not meet legal requirements, and (c) that three persons required to be enrolled voters have not been effectually or properly named as a committee.   Other failures and omissions to complete substantial compliance with the statute have been cited by the petitioner, which it seems unnecessary to discuss in view of what follows in connection with those already outlined.

Section 135 of the Election Law requires that there shall be set forth in every instance " the full name of signer, his or her residence, and election district."   Pages 1 and 2 of the petition, containing a total of thirty-six signatures, in every instance give the residence as " R. F. D. #1," or " R. F. D. #2," as the case may be.   Sheets 3 and 4, containing a total of thirty-two names, in each instance give the residence of the signer as " Boylston."   The town of

Boylston is served by three separate and distinct rural free delivery routes, known respectively as " R. F. D. #1, Lacona," " R. F. D. #2, Richland," and " R. F. D. #2, Mansville." Except for the township of Boylston, there is no village, hamlet, municipality or post office of that name. It must, therefore, be determined that there has not been a substantial compliance with section 135 as to giving the place of residence of sixty-eight signers of the petition.

The authentication of sheets 1 and 2, containing a total of thirty-six names, is made by " M. E. Shoecraft." Section 135 provides that this certificate must be made by the affidavit of a witness, who is a duly qualified voter of the State, and the enrollment books for the town of Boylston do not disclose any voter registered under that name. The petition must be construed as it appears upon its face, and it cannot be supplemented with proof, by affidavit or otherwise, to indicate that this same individual who signed as an authenticating witness is, in fact, enrolled under another and different name. Pages 1 and 2 of the petition are, therefore, void, and the thirty-six signatures appearing thereon cannot be counted toward the requisite forty-seven.

The form of designating petition required by section 135 provides for the appointment of at least three persons as a committee to fill " vacancies." Obviously this must be adapted to the present petition, and was so attempted by appending to the petition after the signatures a statement substantially as follows: " We, above signers, hereby appoint the following three persons as a Committee to represent us in any proceedings concerning the validity of the petition, the first named being chairman." The fact that under the petition before the court there will be no " vacancies " to fill does not dispense with the requirement for a committee, as instance this proceeding where those purporting to have been named as a committee are parties hereto. The statute, in setting out this requirement, has inserted it in the body of the petition, with the provision that the names and addresses of the committee be included and that they be enrolled voters. Sheet 2, containing thirteen signatures, does not attempt to name any one as a committee, while all the other sheets, after names of the signers, contain a designation in substantially the language given above of M. E. Shoecraft (alias Merton Shoecraft, alias Mr. M. Shoecraft), W. Presley (alias Wm. Presley, alias Mr. W. Presley), and Adelbert Edwards (alias Rev. Adelbert Edwards) as members of a committee. It cannot be contended with reason that this purported designation with names appearing in each instance after the signatures, is any substantial compliance with the statute. It falls within the same category as matters which might be appended after the signature to a deed, a will, or any other

legal document, and is wholly ineffective. The addresses of the three members of the purported committee have been entirely omitted in each instance. For these reasons, all five sheets of the petition are invalid as not being in substantial compliance with statutory requirements.

If all of the seventy-nine subscribers to the petition are actually qualified voters of the town of Boylston, it indicates a desire upon the part of a substantial number of citizens to submit local option questions to the voters, and the law has provided for such submission upon the proper request of a much smaller number than those who have signed. Unfortunately for them, the provision as to numbers is not the only statutory requirement. Authorities are numerous, but it requires no legal acumen nor extended research to arrive at a determination that a petition which fails to meet the essential statutory requirements of stating the addresses of the signers, naming a legally appointed committee to represent them, and without a proper authentication of signatures is fatally defective. All of the objections of the petitioner, as outlined in (a), (b) and (c) above, are well taken. The petition is declared void, and the relief prayed for hereby granted.