In the Matter of the Application of JOSEPH C. WHITMAN, Petitioner, to Compel S. HOWARD COHEN and Others, as the Board of Elections of the City of New York, Respondents, to Accept for Filing the Designating Petition of Said Petitioner.

Supreme Court, Special Term, New York County, August 30, 1940.

*Paul Blanshard* [*Emil K. Ellis* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel,* for the Board of Elections of the City of New York.

*Samuel S. Burman,* for Sam Kramer, candidate aggrieved.

SCHMUCK, J. Aggrieved by what he believes was unjustified, arbitrary and illegal conduct on the part of the board of elections in rejecting his designating petitions, the suppliant herein invokes this court to compel the said board in pursuance of section 330 of the Election Law of this State to accept for filing said designating petitions so that he may stand as a candidate in the primary election of the Democratic party of New York city for the office of Congressman in the Seventeenth Congressional district. Combating his plea the board asserts that the rejection was justified because the method of obtaining the signatures of duly qualified enrolled voters was in violation of section 135 of the said Election Law in that the subscribing witness did not know each of the voters subscribing nor did they subscribe in his presence.

A *precis* of the facts gleaned from the record shows that when originally filed the petitioners complied with the law, for the person employed by petitioner to secure signatures took the oath to the approved form containing the prescribed averments. However, on the last day to file petitions a supplemental affidavit by the subscribing witness was filed which directly contradicted his former avowal. This supplemental affidavit resulting from too much experience in primary election endeavors established that the procedure adopted by the subscribing witness was to hold street corner meetings and have four assistants mingle with the audience and solicit signatures. It is thus clear that the persons who obtained the signatures did not personally authenticate the signatures obtained by them and that it was physically impossible for the subscribing witness to have personally witnessed the signing of the petitions and to have received from the signatories the necessary declaration. No matter how precocious his ability it was physically impossible for him to observe the conduct of his four assistants who simultaneously were soliciting signatures at various parts of a relatively considerable gathering. So firmly fixed and so axiomatic

is this conclusion that no testimony can disturb it for its very nature forbids the possibility of any exception. It is, therefore, evident that a grave variance from and a substantial violation of section 135 of the Election Law was committed.

Recognizing the supreme importance of the right of franchise in our democracy and zealous in guarding the exercise thereof against anything and everything of a doubtful nature, the courts, in an endeavor to keep elections, primary and general, free from fraud, have uniformly insisted upon strict compliance with provisions of the Election Law such as section 135. (*Matter of Kollock* v. *Russell*, 162 Misc. 299; *Matter of McKague* v. *Pearsall*, 277 N. Y. 333.)

The contention that the supplemental affidavit is mere surplusage and does not invalidate or contradict the valid affidavit signed by him at the bottom of each sheet of the designating petitions is not tenable. The request to withdraw said affidavit and its refusal cannot avail the petitioner for the sworn statement of the subscribing witness as to the matter of obtaining the signatures is vital to the petition. Nor can petitioner be relieved of his dilemma by any attempted explanation of the supplemental affidavit at this time even though such explanation be proof of compliance with section 135 of the Election Law for, as was held in *Matter of Orange* v. *Cohen* (268 N. Y. 481), proper petitions with proper authentication must be filed within the time fixed by the Election Law.

Petition denied.