In the Matter of the Application of EDWARD L. FOOTE, Petitioner, for an Order against EVERETT LEE and HAROLD NEWKIRK, Constituting the Board of Elections of the County of Delaware, and KERMIT CANTWELL, as Town Clerk of the Town of Stamford, Respondents.

Supreme Court, Trial and Special Term, Delaware County, October 21, 1940.

*Harold C. Rushmore,* for the petitioner.

*A. Lindsay O'Connor,* for the respondents.

DEYO, J. The proceeding herein is brought against the public officials above named by a taxpayer of the town of Stamford, to test out the sufficiency of a local option petition which was filed with the town clerk September 6, 1940. The petition contains 315 names; 230 signatures are required.

The respondents challenge the jurisdiction of the court to entertain this proceeding on the ground that objections were not filed within three days after the filing of the local option petition as required by section 144 of the Alcoholic Beverage Control Law and section 142 of the Election Law, and that consequently the provisions of section 330 of the Election Law conferring jurisdiction are not available to the petitioner. There would undoubtedly be merit in this contention if these proceedings were brought pursuant to the provisions of the Election Law. (*Matter of Farrell* v. *Morton,* 268 N. Y. 622; *Matter of Kavesh,* 247 App. Div. 175.) However, the remedy provided by the Election Law is not exclusive. (*Frank* v. *Eaton,* 225 App. Div. 149.) Here the petitioner seeks the relief afforded by article 78 of the Civil Practice Act on the theory, perhaps somewhat strained, that the respondents, as public officials, have failed in the proper performance of their duties by accepting and proceeding in accordance with the petition in the instant case. The right to bring this proceeding in a proper case, and the power of the court to compel the performance of a ministerial duty which election officials have neglected or refused to perform, has always been recognized, and the jurisdiction of the court in such a matter is not limited to the summary powers provided by the Election Law. (*Matter of Bonacker* v. *Chuckrow,* 166 Misc. 171, 176. See, also, *Matter of Vona* v. *Cohen,* 150 id. 649, 650; *Matter of Layman,* 164 id. 559, 560.) Therefore, the court is of the opinion that the matter should be determined on its merits and the motion to dismiss the petition on jurisdictional grounds is denied.

Petitioner's first objection is that the separate pages of the petition were not consecutively numbered as required by section 135 of the Election Law. An examination of the original petition discloses that this objection is without merit.

Next, the petitioner maintains that the ten persons who signed their initials rather than their full names are not entitled to be counted. The respondents concede this to be the law, but an examination of the petition discloses that one of these persons, Frank V. Hoose, rectified his error by signing his full name on the same line. His name will, therefore, be counted, but the remaining nine will not.

The objection that six of the signers witnessed their own signatures and consequently should not be counted, is concededly well taken. However, the court does not feel that the same objection can be taken to those signers who took the affidavits of the witnesses, although it would be better practice to employ some other notary public. Since no fraud is alleged, the court does not feel constrained to strike off their names.

Section 135 of the Election Law provides the form of the authenticating affidavit which must be " substantially " complied with. The form calls for the residence from which the witness last registered. The petitioner contends that several pages of the petition must be discarded for failure to comply with this provision. Frank S. Rose, who witnessed the signatures on page 4, left this portion of the prepared affidavit blank. This constitutes a substantial and fatal omission. (*Matter of Dorsey* v. *Cohen*, 268 N. Y. 620.) The nine names appearing on this sheet, less his own, which has previously been struck off, are, therefore, not entitled to be counted. Pages 6 and 8, authenticated by Alice D. Carpenter, and page 7, authenticated by Nellie M. Brown, give their respective residences at the time of their last registration as the village of South Kortright. This was a full compliance with the statute, since street addresses in a small village are of course unavailable and unnecessary. They both added the election district, which is mere surplusage and will be disregarded. D. George Davies, who witnessed the signatures appearing on pages 12 and 13, merely gave his residence at the time of his last registration as " Second Election District in the Town of Stamford, County of Delaware." This is not a sufficient compliance with the statute. (*Matter of Lerner* v. *Cohen*, 262 N. Y. 450.) Consequently, the twenty-four signatures appearing on those pages, less four previously struck off, cannot be counted. George B. Many authenticated pages 17 and 18. He gave his residence at the time of his last registration as the village of Hobart. It is now claimed that he actually resides in the township of Hobart, outside the village limits. Notwithstanding *Matter of Wood* v. *Board of Elections* (247 App. Div. 322) and the unreported lower court decisions referred to by the petitioner, this objection seems to the court to come

directly within the scope of *Matter of Baum* (268 N. Y. 614), wherein the court held that a residence given as 230 West One Hundreth street, when in fact it was 230 West One Hundred and First street, was a substantial compliance with the statute.

The court fails to see the slightest merit in the petitioner's contention that because a name may be stricken off for some irregularity, thus reducing the total number of signatures as given by the authenticating witness, the entire page is thereby rendered void. The decisions cited by the petitioner on this score seem to be concerned with an entirely different situation.

The objection to pages 19 and 20, which the authenticating witness stapled together and treated as a unit, seems to be well taken (*Matter of McKague v. Pearsall*, 277 N. Y. 333; *Matter of Valone v. Smith*, 257 App. Div. 603), and the twenty-three signatures therein contained will not be counted.

The petitioner contends that some thirty-four names should not be considered, due to the fact that they were not registered voters at the time of the filing of the petition. Of course there is serious question whether or not the public officials were under any duty to go back of the petition itself, in the absence of properly filed objections. Be that as it may, the court fails to find any requirement that the signers of such a petition need be registered or enrolled. Section 141 of the Alcoholic Beverage Control Law requires that the petition be signed by the " electors of the town." " An elector " is one who possesses the necessary qualifications to vote, that is, a " qualified voter." (Words and Phrases; Century Dict.)

Qualifications for a voter are set forth in section 150 of the Election Law. Nothing more need be shown. (*Matter of Bentley*, 160 Misc. 706; affd., 251 App. Div. 773.) The answer of the respondents shows that all of the thirty-four had the necessary qualifications at the time the petition was filed. That they were not actually registered or enrolled is not important, and whether or not they have since registered is of no consequence.

The petitioner contends that five persons registered under names different from those used in signing the petition. The answer contains proof by affidavit to the effect that all five signed the petition with their true names, and that they are electors of the town. Nothing more need be shown, although the court might add that the slight differences, if they do in fact exist, are readily understandable and easily explained.

The objection that five of the signers did not give their proper registration districts, if in fact such is the case, is immaterial. (*Matter of Bentley, supra.*)

The petition contains 315 signatures. Of this number 66 have been declared invalid. This leaves 249. Since 230 are all that are required, the application of the petitioner is denied and his petition dismissed.

Submit order accordingly.