In the Matter of the Application of KENNETH SELDEN JOHNSTON, Petitioner, for an Order against WALTER A. BLISS and FRED WHEELER, Constituting the Board of Elections of the County of Otsego, and ANNA GRAY, as Town Clerk of the Town of Laurens, Respondents.

Supreme Court, Otsego County, October 21, 1940.

*Harold C. Rushmore*, for the petitioner.

*Andrew J. McNaught, Jr.*, for the respondents.

Deyo, J. The proceeding herein is brought against the public officials above named by a taxpayer of the town of Laurens to test out the sufficiency of a local option petition which was filed with the town clerk September 11, 1940. The petition contains 254 signatures; 161 are required.

The motion to dismiss the petition for lack of jurisdiction is denied on the grounds stated in *Matter of Foote* v. *Lee* (175 Misc. 60), decided by this court October 21, 1940.

The objection that the various single sheets, each complete in itself, were not bound together and numbered consecutively in accordance with sections 135 and 136 of the Election Law, does not seem to the court to be well taken. Section 141 of the Alcoholic Beverage Control Law provides that the petition shall be signed by the " electors of the town," and " acknowledged by the signers or authenticated by witnesses as provided in the Election Law in respect of a designating petition." It would seem, therefore, that sections 135 and 136 of the Election Law need be followed only in respect to the form of the acknowledgment or authentication. (*Matter of Bentley*, 160 Misc. 706; affd., 251 App. Div. 773.) In reaching this decision the court is not unmindful that there is authority to the contrary. (*Matter of Bush* v. *Barker*, 173 Misc. 66.)

The objection that the year of signing does not appear in many instances might be disposed of by the same reasoning. (*Matter of Bentley, supra.*) However, it is obvious from the date of the petition and the authentication that all of the signers attached their signatures in 1940. To deprive these electors of the right to vote on the question of local option on such a technicality does violence to the whole American principle of democracy.

It was conceded that the objection that the names of eleven of the signers are by initial only, was well taken, and those eleven names may be omitted.

Two names are written in lead pencil, and although this court is frank to admit its reluctance in holding them invalid for that reason, the clear weight of authority requires such a decision. (See Ops. Atty. Gen. [1938], p. 211 and cases therein cited.)

The next objection concerns the sufficiency of the authentication. Here the form prescribed by section 135 of the Election Law must be substantially followed. (*Matter of Dorsey* v. *Cohen*, 268 N. Y. 620.) The subscribing witnesses must give the addresses from which they last registered. (*Matter of Crosbie* v. *Cohen*, 281 N. Y. 329.) The affidavits on pages 1 and 3 do not comply with the form prescribed, since they give as such residence merely the

election district, which is insufficient. (*Matter of Lerner* v. *Cohen*, 262 N. Y. 450.) The thirty-seven names, less four previously struck out, are not to be counted.

The remaining sheets, with the exception of Nos. 11 and 12, give the authenticating witness' residence at the time of his last registration as Mount Vision, which is a sufficient compliance with the statute. The fact that each witness also added the words " same place " is immaterial as constituting surplusage.

The affidavit appearing on page 11 does not comply with the statutory form and the twenty-five signatures contained on that page should not be counted.

The authenticating affidavit on page 12 fails to state the residence from which the witness last registered, and the twenty signatures thereon will not be counted.

The court fails to see the slightest merit in the petitioner's contention that because a name may be stricken off for some irregularity, thus reducing the total number of signatures as given by the authenticating witness, the entire page is thereby rendered void. The decisions cited by the petitioner on this score seem to be concerned with an entirely different situation.

The petition contains 254 signatures. Of this number 91 have been declared invalid. This leaves 163. Since 161 are all that are required, the application of the petitioner is denied and his petition dismissed.

Submit order accordingly.