In the Matter of FRANKLIN P. CLUM et al., Petitioners, against GEORGE HOLMES, as Candidate of the Taxpayers Party for the Office of Mayor of the Village of Saugerties, Ulster County, et al., Respondents.

Supreme Court, Special Term, Rensselaer County, March 10, 1949.

*Daniel N. Lamb* for petitioners.

*Louis P. Francello* for George Holmes and others, respondents.

*Morris Rosenblum* for the Village Clerk and others.

TAYLOR, J. This is an application pursuant to section 330 of the Election Law by four candidates for the respective offices of mayor and trustees of the village of Saugerties, New York, for an order to declare the independent nominating petition of four rival candidates invalid upon two grounds, namely, that six of the signers thereof were not sworn in the manner required by statute and that the petition was not filed within the prescribed statutory time.

Saugerties is a village of the second class and as such, at least 75 signatures are required for a valid independent nominating petition. (Election Law, § 137, subd. 4.)

The nominating petition sought to be disturbed herein contains 160 signatures. Affidavits of 6 of the signers were presented upon the argument of the motion wherein each stated in substance that he was not sworn or requested or required to swear that the statement made in the petition signed by him was true.

The statute prescribes two alternative methods for execution of such a petition, one by verification and the other by authentication. (Election Law, §§ 135, 137.) The respondents elected to use the former and the names of all signers of the petition are included in the verification, which is signed by a notary public and which recites that each of the signers came before her personally, was known to her and who, being by her duly sworn, said that the foregoing statement (of the petition) made and signed by him or her was true.

It is the contention of the petitioners that since 6 of the signers have disaffirmed proper execution and have denied the truth of the certificate of the official who has executed it, the whole nominating petition must be viewed as fraudulent and irregular. The burden of proof is upon the petitioners to establish the fraud or irregularity. (*Matter of Ecker* v. *Cohen,* 239 App. Div. 145.)

It is noteworthy that none of the 6 affiants denies that he signed the petition and only one of them claims he was under the impression that he was signing something other than a nominating petition. It should be remembered, too, that the number who deny proper execution is less than 4% of all of the signatures contained in the petition and that the remaining more than 96% thereof insofar as the proof before me indicates, are concededly valid. There is no claim of forgery here and no evidence of fraud or willful wrongdoing. At most, all that appears or is contended is that a relatively insignificant number of signers claims that the formality of administering the oath by a notary public who was not shown to be an agent of the nominees was not complied with. This is not a situation where the entire petition is permeated with fraud which would justify the exercise of the court's plenary powers to invalidate it even though a sufficient number of valid signatures remained. Eliminating the 6 signatures claimed to be irregular, far more than the required number of valid signatures are contained in this nominating petition.

Assuming, but not finding, that the irregularities complained of actually existed in the 6 instances, it has been repeatedly

held that such would not invalidate the petition. (*Matter of Benjamin*, 262 App. Div. 959; *Matter of Lefkowitz* v. *Cohen*, 262 App. Div. 452, affd. 286 N. Y. 499; *Matter of Kerns* v. *Whiting*, 187 Misc. 656; *Matter of Foote* v. *Lee*, 175 Misc. 60; *Matter of Dimentstein [Frankle]*, 184 Misc. 126.)

The second reason advanced by the petitioners for invalidating the nominating petition is that it was not timely filed for the reason that the village election appointed to be held on March 15, 1949, is a general election under the statutes and that such a petition must therefore have been filed prior to the fourth Tuesday preceding such general election. This petition was filed on February 24, 1949, or more than fourteen days prior to the annual village election.

Section 191 of the Election Law establishes the dates for holding *general elections* and the times of opening and closing the polls thereof. Section 52 of the Village Law governs the time, hours and notice of the holding of *annual* village elections. Section 141 of the Election Law provides in part for the filing of petitions " at a time *other* than that of a *general* election in the office of the \* \* \* village clerk ". (Italics supplied.) Subdivision 8 of section 140 of the Election Law states in part that an independent nominating petition for an office to be filled " *at an election* at a time other than that of a *general* election shall be filed not later than fourteen days preceding such election ". (Italics supplied.)

It seems apparent to me that the Legislature has, by the provisions of the foregoing statutes, clearly distinguished between general elections and annual village elections insofar as their provisions have to do with the filing of independent nominating petitions for village offices. No decision has been called to my attention to the contrary and I am somewhat fortified in my conclusion by an informal opinion of the Attorney-General (48 N. Y. St. Dept. Rep., 771).

Hence, there may be presented to me for signature an order providing that the petition and proceeding herein be dismissed on the merits.