Goldman, J.
Order to show cause upon petition of an elector and resident of the village of Webster, County of Monroe and State of New York, requesting the court to nullify as insufficient and invalid a petition for referendum pursuant to section 139-a of the Village Law. Petition seeks a referendum on the question of the annexation to the village of Webster of 135 acres of land contiguous to the south and east boundaries of the village. All parties agree that the annexation resolution was duly executed and is in all matters proper and valid, and in accordance with section 348 of the Village Law.
The method and manner of execution of the petition protesting annexation is particularly set forth in the Village Law and the Election Law. The pertinent sections make it clear that the Legislature has sought to make certain that the petition is in fact vox populi. Section 139-a of the Village Law provides that a petition should be ‘1 signed and acknowledged by electors of the village ” and that “ the signature to each sheet shall be authenticated in the manner provided by section one hundred and thirty-five of the election law for the authentication of designating petitions ”. The forms of authentication are set out verbatim in section 135 of the Election Law which provides two methods, either one of which may be used in substantially the form set forth.
The authentication form appearing on the sheets of the petition is an effort to comply with the second form in section 135 of the Election Law, but is a drastic abbreviation of that form. There is missing from it the venue, the declaration from the witness of his own name, the declaration of the witness that he is a duly qualified voter of the State of New York, that he resides in the village of Webster, County of Monroe, and State of New York and his street address, that he is registered for the general election for the year 1955 from an address in the village of Webster, and that his residence was then in a certain election district, or in this case, in the village of Webster. There are missing six essential facts required in this form of authentication. It would seem therefore without more that this is not substantial compliance and that the petition is invalid by reason of faulty authentication. (Matter of McKague v. Pearsall, 277 N. Y. 333, 334; Matter of Kollock v. Russell, 162 Misc. 299, affd. 250 App. Div. 774; Matter of Dorsey v. Cohen, 268 N. Y. 620.)
If, however, this was the only manner in which the petition was defective, the court might hesitate to declare the petition void. There are, however, so many other defects in the petition that prevent substantial compliance with the statutes in question *775 that the court must declare the petition void. (Matter of Whitman v. Cohen, 174 Misc. 1087, 1089.)
There is a total of 981 qualified electors in the village of Webster. In order to secure a referendum in a village of the third class, like Webster, there must be 20% of the electors, who have properly signed the petition. Thus the minimum valid signatures required would be 197. The referendum petition allegedly contains 245 names.
Testimony was produced upon the argument of the order to show cause in an effort to sustain the protest petition. From this testimony, and the papers it is clear that page 12 of the petition was not annexed to the other fourteen pages which made up the petition. The testimony shows that it was completely separate and apart. Page 12 must, therefore, be considered a separate petition and inasmuch as it contained but sixteen signatures it is void.
The testimony is uncontroverted that page 9 was signed before witness Ronald J. Schneider, who was not a resident or elector of the village of Webster. This page containing nineteen signatures is invalid under section 135 of the Election Law. Page 8 containing twenty-four signatures had annexed to it horizontally by staples an additional page which had no authentication form whatsoever and is therefore defective. This situation existed in Matter of Valone v. Smith (257 App. Div. 603) where the court unanimously said, at page 604: “In the instant case the authentication was made at the bottom of the last of several sheets fastened together by staples and stated the number of persons who had signed the several sheets. We deem this an insufficient compliance with section 135 of the Election Law.”
In three instances subscribing witnesses attempted to witness their own signatures. At least one, if not more, of the signers was not a duly qualified elector and totally disqualified. Twenty signers used initials, nicknames, and their husbands’ given names instead of their own first names. A close scrutiny of the petition indicates other ways in which it does not comply with statutory requirements. (Matter of Holmes v. Citizen’s Protective Party, 194 Misc. 866, 867; Matter of Foote v. Lee, 175 Misc. 60; Matter of Johnston v. Bliss, 175 Misc. 64, 65.)
The court feels an inherent reluctance to deny the request for referendum which would indicate the desires of the people. However, in the light of the great weight of the decisions the protest petition must be declared invalid. Judge Rippey, in Matter of Phillips (Hubbard) (284 N. Y. 152) sums up the court’s clear duty, at page 161, where he said: “The truth of *776 facts necessary to give the petition validity must be shown. The existence of such facts cannot be presumed.” The protest petition is invalid and void.
Enter order accordingly.