Robert O. Brink, J.
This is a proceeding brought pursuant to article 78 of the Civil Practice Act for an order directing the Commissioners of Elections of Tioga County, New York, to omit from the official ballots prepared in the Town of Tioga, for the general election of November 6, 1962, the four questions as to whether alcoholic beverages shall be sold in said town, in accordance with Croup A of subdivision 1 of section 141 of the Alcoholic Beverage Control Law.
*390 The petitioner, in paragraph 6 sets forth the following allegation: “ That as yonr petitioner is informed and believes, said Board of Elections is preparing to print, or cause to be printed, ballot labels to be used in said Town at said election containing or setting forth said local option questions and is also preparing to place, or cause to be placed on the voting machines to be used at said election in said Town said ballot labels and to expend public monies for such purposes.” This allegation is admitted in the answer filed by the Commissioners.
The facts may be simply stated: A local option petition was filed in the office of the Town Clerk on September 11, 1962. No issue is raised as to the sufficiency or the validity of the signers. The Town Clerk removed the said petition from her office on September 12,1962, and took it to the Board of Elections of the county, the petition being out of the Town Clerk’s office on that date for a period of approximately 1 hour and 45 minutes, after which it was returned to the Town Clerk’s office. The Town Clerk failed to file a certified copy of the local option petition with the Board of Elections within five days of the filing of the petition as required by subdivision 3 of section 141 of the Alcoholic Beverage Control Law, and in fact, never filed such certified copy until after the commencement of this proceeding. However, a certificate was prepared, signed by the Town Clerk and filed in the office of the Board of Elections on September 12, 1962 in which the four statutory questions were listed and in which the Town Clerk requested the submission of said questions to the electors of the Town of Tioga at the next general election. No reference was made in the said certificate to the existence or filing of the petition.
Appearances in opposition to the petitioner’s application have been made by the Commissioners of Elections of the County of Tioga, the Town Clerk of the Town of Tioga, Tioga County, New York, and the designated committee in the local option petition, all of whom oppose this application. The State Liquor Authority has appeared by an Assistant Attorney-General, who has taken no position in the matter other than to note his appearance.
It is the contention of the petitioner that the Commissioners of Elections should be directed to omit these questions from the ballots of the Town of Tioga on the grounds that there has been a failure to comply with section 141 of the Alcoholic Beverage Control Law, namely, by the action of the Town Clerk in removing the petition from her office for a period of time after the original filing, and also by reason of her failure to file the certified copy with the Commissioners of Elections as required by statute.
*391 The respondents argue that the application of the petitioner is not timely by reason of the provisions of section 330 of the Election Law, which have not been complied with, and that the court is without jurisdiction in a proceeding under article 78 of the Civil Practice Act and is bound by the limitations of section 330 of the Election Law.
The respondents further contend it is within the discretionary power of the court to excuse and validate the suggested irregularities that may have occurred following the filing of the original petition.
A certified copy of the petition has been filed in the office of the Commissioners of Elections subsequent to the commencement of these proceedings, but more than 22 days subsequent to the filing of the local option petition.
Section 144 of the Alcoholic Beverage Control Law provides for proceedings to contest the validity of local option petitions in the manner provided by the Election Law as follows: “ as though such petition were a certificate of nomination ’ ’, and subdivision 1 of section 330 of the Election Law relating to the designation or independent nomination, vests the Supreme Court with jurisdiction to summarily determine any question of law or fact arising as to any of the subjects set forth in this section. Subdivision 1 of section 330 provides as follows: ‘ ‘ The designation of any candidate or independent nomination * * * in a proceeding instituted by any candidate aggrieved or by a person who shall have filed objections pursuant to section one hundred forty-five, but a proceeding under this subdivision must be instituted within fourteen days after the last day to file petitions ”, Subdivision 22 of section 314 of the Election Law provides: “ Notwithstanding any provision of article nine of the alcoholic beverage control law or of any other law or statute to the contrary, a petition for local option in cities or towns to be submitted in the general election to be held in the year nineteen hundred sixtv-two may be filed not later than September twelfth.” Fourteen days from the last date to file a petition was September 26, 1962. This proceeding was not started until October 4, 1962, 22 days after the last date for filing. In Matter of Thompson v. Valentine (297 N. Y. 105 [1947]), the court held in a Per Curiam opinion, that an action brought pursuant to subdivision 1 of section 330 of the Election Law had to be commenced within the 14-day period. Since the proceeding was not timely instituted, a dismissal was affirmed by the Court of Appeals.
In the case presently before us, the proceeding has been brought pursuant to article 78 of the Civil Practice Act. There *392 has been a conflict of authority in the Supreme Court of this State as to whether objections to the validity of a petition may be raised under an article 78 proceeding or whether such an issue could only be determined under section 330 of the Election Law. (Matter of Foote v. Lee, 175 Misc. 60 [Supreme Ct., Delaware County, 1940]; Petito v. Heffernan, 115 N. Y. S. 2d 118 [Supreme Ct., Kings County, 1952], affd. 280 App. Div. 883.) However, in the Matter of Mansfield v. Epstein (5 N Y 2d 70 [1958]) the Court of Appeals held that the sufficiency of a nominating petition could be reviewed, not only in proceedings brought under section 330 of the Election Law, but likewise under article 78 of the Civil Practice Act. In the latter case although the proceeding was commenced within 14 days of the filing of the petition, additional parties were permitted to intervene after the time within which a proceeding could be commenced under the Election Law. In this case, the Court of Appeals upheld an order of the Appellate Division affirming a decision of the lower court dismissing the proceeding on the merits. The Court of Appeals held, however, that the trial court was in error in considering the question raised by an article 78 proceeding, as though it were raised under section 330 of the Election Law. If an article 78 proceeding is a proper remedy, it seems quite clear that the 14-day limitation does not apply.
Section 1286 of the Civil Practice Act provides: “Unless a shorter time limitation is expressly provided in the law under which a proceeding is authorized, a proceeding under this article * * * must be instituted * * * within four months after the determination to be reviewed becomes final ”.
The limitation of 14 days set forth in section 330 of the Election Law more particularly specifies in subdivision 1: “ but a proceeding under this subdivision must be instituted within fourteen days after the last day to file petitions ”. (Italics added.)
It seems obvious that the 14-clay limitation, by the language of the statute, is only applicable to the particular proceeding as set forth in subdivision 1 of section 330 of the Election Law, and is not broad enough to limit the relief in an article 78 proceeding.
Furthermore, even if, as a general rule, section 330 of the Election Law were the sole remedy, there are still circumstances under which an objection could not be taken within the 3-day period, or in the event of failure to effect timely publication, to apply to the court within the 14-day period. Under such a circumstance, article 78 would be the only means of relief. For all of these reasons, it seems clear to this court that the 14-day limitation does not apply in a proceeding under article 78.
*393 It also seems clear that the relief sought by the petitioner relates to a ministerial act of the Commissioners of Elections involving their decision and intention to submit the local option questions to the voters of the Town of Tioga. Under these circumstances, it is the opinion of this court that this court has jurisdiction to determine the petitioner’s application on the merits.
The remaining question to be determined is whether this court in the exercise of its sound discretion should validate the procedural irregularities following the original filing of the local option petition.
With respect to the Town Clerk removing the petition from her office for the purpose of taking it to the Board of Elections, it would seem that this is a type of irregularity which might be overlooked. The duration of time when the petition was out of the Town Clerk’s office is not lengthy. In fact, it appears that representatives of the petitioner had an opportunity to examine the petition in the Town Clerk’s office later on the same day that it had been removed, so that it could not be said the petitioners were so prejudiced. There is no indication that the petition was ever out of the sight or control of the Town Clerk. It seems that where only such a limited time period is involved, it would be a very strained conclusion to hold that the document did not remain on file.
Although the practice of removing filed papers is not to be commended, it frequently happens that papers are removed from governmental offices for the purpose of examination by courts and attorneys representing governmental departments. This court must consider this ground alone as insufficient to invalidate the petition.
However, the failure of the Town Clerk to file the certified copy with the Commissioners of Elections within 5 days constitutes a more serious problem. The filing of such a certified copy within five days is mandatory under the provisions of the Alcoholic Beverage Control Law. The Commissioners of Elections is the one central office of the county where all petitions and matters relating to an election must be filed. The Commissioners of Elections are charged with the duty of publishing notice of the election and printing the ballots. They are the custodians of the registration books and records containing the names of all duly registered and eligible voters. These records might well be necessary for reference in the proper examination of a petition. A petition filed in the Town Clerk’s office does not afford convenient opportunity for checking the eligibility of signers. It seems important and necessary to this court that there should *394 be a substantial compliance with the statute requiring an early filing of a certified copy of a petition in the office of the Commissioners of Elections.
This is not a situation where a petition was filed a day or two late, where under the circumstances a court might reasonably exercise discretion. In this instance, the petition was not filed until after the commencement of this proceeding, some 22 days after the original filing. It is true a certificate was prepared, but it makes no reference to the filing of a petition in the Town Clerk’s office. In the case of Matter of Bentley (160 Misc. 706, affd. 251 App. Div. 773) the court dismissed the proceeding under section 330 of the Election Law on the ground that it was not timely, but also stated that it was satisfied that failure to file an accurate copy would not offer a sufficient basis for attack on the original petition. This was a proceeding under the Election Law, and apparently was not instituted within the 14-day period. In that case, at least an attempt was made to comply with the law, and the objection raised was that the copy filed was not sufficient.
The courts of this State have held that failure to comply with the provisions of a statute requiring the posting and publishing of legal notice of submission of questions to the electorate can invalidate the election. (Matter of Peters v. Sisson, 183 App. Div. 286, 288 [4th Dept.], affd. 224 N. Y. 554; Town of Cortlandt v. Peekskill, 281 N. Y. 490.)
It is the decision of this court that petitioner is entitled to an order directing the Commissioners of Elections of the County of Tioga to omit from the official ballots in the Town of Tioga, for the general election on November 6, 1962, the four proposed questions relating to the sale of alcoholic beverages in said town.