**Gabriel V. TATAY et al., Plaintiffs,**

v.

**Andrew J. TATAY et al., Defendants.**

**No. 71 C 1458.**

United States District Court,
E. D. New York.

Nov. 6, 1972.

Neil J. Abelson, Smithtown, for plaintiffs.

Donald W. Leo, Coram, for defendants Andrew J. Tatay, and others.

George W. Percy, Jr., County Atty. of Suffolk County, for defendant Board of Elections.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, by Harvey E. Soicher, Asst. Atty. Gen., for defendants.

BRUCHHAUSEN, District Judge.

The plaintiffs, by order to show cause, dated November 10, 1971, applied for a preliminary injunction, enjoining the defendants from holding and conducting elections in the Holtsville and Farmingville Fire District, upon the ground that requiring voters, at such elections, to register under permanent personal registration is contrary to law. The said application was denied.

The defendant, Board of Elections of Suffolk County, by Notice of Motion, dated November 12, 1971, applied for an order dismissing the complaint as to it upon the ground that the complaint as a matter of law failed to state facts sufficient to constitute a cause of action as against the said defendant, citing Section 52(4) of the Election Law, McKinney's Consol.Laws, c. 17 of this State.

The plaintiffs, by order to show cause, dated December 7, 1971, applied for an order, enjoining the defendants from enforcing registration requirements at the annual Fire District election, scheduled for December 14, 1971, also for a permanent injunction and the convening of a

three-judge court because of possible violations of the Federal voting rights act and the Constitution of the United States, or for certain alternative relief. At the hearing thereof on December 10, 1971, the motion of the Attorney General of the State of New York to intervene herein was granted and the plaintiffs' motions were denied.

By Notice of Motion, dated April 22, 1972, the defendants, Andrew J. Tatay, et al applied for summary judgment as to plaintiffs Third and Fourth Causes of Action and for an order dismissing them.

The complaint herein was filed on November 10, 1971. On December 7, 1971, the plaintiffs filed an amended complaint, amending the Third and Fourth Causes of Action.

The issue in this action is whether the law of this State requires voters to be registered under the system of permanent personal registration in order to be eligible to vote in a Fire District election.

The Constitution of this State was adopted on November 8, 1938. Article 2, Section 6 thereof provides, viz:

"The legislature may provide by law for a system or systems of registration whereby upon personal application a voter may be registered and his registration continued so long as he shall remain qualified to vote from the same address, or for such shorter period as the legislature may prescribe."

The qualifications for voters at Fire District elections are set forth in Section 175(2) of the Town Law (in effect since 1939), McKinney's Consol.Laws, c. 62, the pertinent part whereof, insofar as it concerns this action, is:

"Every elector of the town . . . shall be qualified to vote for such (Fire District officers)."

Section 150 of the Election Law of this State, enacted on May 2, 1967, provides in part, viz:

"A qualified voter is a citizen who * has been duly registered in the election district of his residence."

In Matter of Foote v. Lee, 175 Misc. 60, 22 N.Y.S.2d 885, the Court stated, viz:

" 'An elector' is one who possesses the necessary qualifications to vote, that is, a 'qualified voter'."

Section 350(2) of the said Election Law, enacted May 28, 1965 provides in part:

"Beginning with the general election in the year nineteen hundred sixty-seven all elections in the state shall be held under the system of permanent personal registration and registrations shall be taken for the purposes of such elections in the manner provided in this article."

The plaintiffs rely upon Section 52(4) of the said election law, enacted on April 14, 1958, nine years prior to the enactment of Section 150 thereof, heretofore cited.

The said Section 52(4) provides, viz:

"The board of elections of such county shall have and exercise the powers and duties under this chapter, not inconsistent with this section, of all officers in the county of Suffolk, in respect of elections and matters preliminary or relating thereto, except village, school, fire and other special district elections".

The Legislature of this State, by its enactment of Section 52(4) of the Election Law in 1958, relieved the County Board of Elections from the exercise of powers and duties as to Fire District elections. However, in 1965, seven years later it enacted Section 350(2) of the Election Law, providing, viz:

"All elections in the state shall be held under the system of permanent personal registration".

On November 18, 1970, the Attorney General of this State, rendered an opinion to Joseph J. Shapiro, Secretary of the Fair Harbor Fire District, Fire Island, New York, viz:

"To vote at a fire district election a person must be a registered voter under permanent personal registration and must have resided in the fire dis-

**1302**

trict for 30 days next preceding the fire district elections. There is no special registration provided for fire district elections."

The Court rules that an "elector" means "a qualified elector" and must be registered to vote in the election district of his residence under the system of permanent personal registration, and that such registration does not violate the Constitution of the United States or the New York State Constitution.

Upon due deliberation, it is ordered that the "Third" and "Fourth" Causes of Action, alleged in the amended complaint, be and the same are hereby dismissed.