In the Matter of the Application of FRANK M. CHRISTIANA for an Order, etc.

Supreme Court, Erie County, March, 1923.

**Elections — independent nominations — insufficiency of certificate — villages.**

While the statute (Election Law, § 137) which provides for independent nominations should be liberally construed its substance must be preserved and enforced.

Though a certificate of independent nomination, as filed, named three persons as a committee to fill vacancies, it did not state that they were qualified electors of the village and did not give their address. Nor did the certificate contain a material part of the statute, viz.: " That I intend to support at the ensuing election and I do hereby nominate the following named person as a candidate for nomination for public office." *Held*, that said certificate was insufficient and an order will be granted directing the clerk of the village to omit from the official ballot the name of the candidate for collector of the village mentioned in said certificate.

RETURN of an order to show cause why the certificate of independent nomination of Mrs. Laura Dean as a candidate for collector of the village of Blasdell should not be declared insufficient and the clerk of said village ordered and directed to omit the name of said candidate from the official ballot.

*Bartholomew & Bartholomew,* for petitioner.

*Knibloe, Lipsitz & Lipsitz,* for defendant.

PIERCE, J. The certificate filed contains a sufficient number of names to entitle the name of the proposed candidate to be placed upon the ballot. The names of a sufficient number of people are inserted as a committee to fill vacancies. Under the meaning and intent of the law this certificate is not made or filed as the certificate or in the interests of the candidate, but is the expression and represents the desire of the qualified voters signing the same who express a desire and intention of supporting the candidate at the election.

Section 137 of the Election Law not only provides for independent nominations, but sets out as a part of the statute the form of certificate which is to be made and filed. And this section of the law requires that the signers of the petition should name a committee of at least three who are voters in the district, giving the names and addresses. The certificate filed names three persons as such committee, but does not state that they are qualified voters of the village and does not give their address. This to my mind is important and required by the statute, and is of the substance of the statute.

Surrogate's Court, Broome County, March, 1923. [Vol. 120

Another objection to the certificate is raised which to my mind is important, and that is that the certificate does not contain a material part of the statute, namely: " That I intend to support at the ensuing election and I do hereby nominate the following named person * * * as a candidate * * * for nomination for public office."

Having in mind that this certificate is not a certificate of the candidate, but the certificate of qualified voters who have a right to take part in the ensuing election and in the government and control of the village, and by whose action at least some expense may be made to be paid and borne by the taxpayers of the village, it is natural and fair that the signers to this petition should state that it is their intention to support the person named by them as a candidate.

The statute providing for independent nominations should be liberally construed so that voters having no voice in the management and control of political parties, or in the manipulation of the politics of the village, or other subdivision of the state, should have an opportunity of nominating and voting for the person of their choice. While the statute should receive such a liberal interpretation its substance must be preserved and enforced. The certificate as made and filed does not satisfy the requirements of the statute. The order, therefore, should be granted.

Ordered accordingly.