In the Matter of the Application of EDWARD F. BRADY and Others, Petitioners, for an Order against the BOARD OF ELECTIONS, Respondent.

Supreme Court, Special Term, Bronx County, July 27, 1942.

*Osborn, Clark & Kestenbaum* [*Albert J. Clark* of counsel], for the petitioners.

*Hahn & Hahn* [*Samuel J. Joseph* and *Demarest J. Hahn* of counsel], for Tempe Evans, objector.

EDER, J.  Application, pursuant to section 330 of the Election Law, to review action of board of elections of the city of New York.

This is an application for an order commanding the board of elections of the city of New York to print upon the ballots the names of the petitioners Edward F. Brady, Elizabeth Casario, Edward F. Brady, Mary Constantino, John G. Drotos and Venita Armagno, as candidates in the Primary Election on August 11, 1942, for the offices of male and female members of the Republican State Committee, Delegate and Alternate Delegate to the Republican State Convention and Delegate and Alternate Delegate to the Republican Judicial Convention, First Judicial District, from the First Assembly District, Bronx County.

Objections and specifications were filed by one Tempe Evans and the matter came on for hearing before the board of elections on July 20, 1942. The specifications assigned as a ground for insufficiency, among others, that the designating petitions were invalid in that Robert Coles, named on the committee on vacancies, was not an enrolled voter. The board of elections sustained the objections and declared the designating petitions invalid on the sole ground that the said Robert Coles was not an enrolled voter. However, on the argument herein and in open court it was conceded that Robert Coles is an enrolled Republican voter, having duly registered and enrolled in the year 1941, and it appears from the affidavit of Carrie Coles — and it is not disputed — that said Robert Coles duly registered and enrolled in 1941 from 276 St. Ann's avenue, borough of Bronx, in the ninth election district of the first assembly district; that since said registration said Robert Coles moved to 543 East 137th street, Bronx, in the fourth election district, of the first assembly district, which address appears opposite his name on the said designating petitions. The board of elections, having failed to find him enrolled from the 543 East 137th Street address, made its ruling as aforesaid.

Section 135 of the Election Law, entitled " Form of designating petition," among other things, provides for the appointment of a committee to fill vacancies, of at least three persons, all of whom shall be enrolled voters of a designated party; requirements are that the date be given, the name of signer, residence, election district, and assembly district in the city of New York.

It has been held, and I agree with such rulings, that an omission of a committee on vacancies from a designating petition, or lack of such a committee on vacancies, will not invalidate a designating petition under section 135 (*Matter of Fine*, N. Y. L. J. Mar. 2, 1940, DAVIS, J. Opinion, Attorney-General [1923], 314), and it has also been held that where a petition designated a committee on vacancies consisting of three members, two of whom

were not enrolled members of the party in question, it was valid. (*Halligan* v. *Hughes,* N. Y. L. J. Mar. 18, 1940, p. 1237, HOOLEY, J.)

Whether a vacancy may occur herein is, obviously, a matter of pure speculation and I regard such a ground of objection as premature until a vacancy actually occurs. It will then be the appropriate time to interpose an objection that a proper committee on vacancies was not appointed as required by section 135.

The position of the objector is that the failure to name a committee on vacancies, or the naming of an insufficient number of " qualified persons " to such committee, makes it mandatory upon the board of elections and the court to declare the designating petition invalid. *Matter of Creede* (177 Misc. 141, HALLINAN, J.) is referred to by the objector as supporting this contention. I am unable to concur in this view, if it possess any relevancy here.

All that section 135 (*supra*) requires is that the appointees to the committee on vacancies be " enrolled voters," and there is no requirement that they be " qualified persons," whatever that may mean in this regard and, moreover, removal from one election district to another election district in the same assembly district does not result in disqualifying an enrolled voter appointee under section 135.

If by the reference to " qualified persons " objector has reference to that portion of section 135 relating to signatories to the designating petitions requiring that they must be enrolled voters and entitled to vote in the primaries and that a subscribing witness must be a duly " qualified voter of the State," it relates to and deals with an entirely different subject and has no relation to the feature dealing with the appointment of a committee on vacancies.

There was no legal basis for the objection which was filed and the board of elections clearly erred in invalidating the designating petitions.

The determination of the board of elections is adjudged null and void, the objection filed dismissed, and the candidates ordered forthwith reinstated.

Petition granted as prayed for.