In the Matter of the Application of WILLIAM H. FALES, as Candidate for
Nomination of the American Labor Party for the Public Office of Member of
Assembly from the Second Assembly District, Nassau County; WILLIAM H.
FALES, FILIPPUS MOSESCO, CHARLES L. KESSLER, TESSIE IUDICA, ARTHUR
BLESSIN, as Candidates for Election to the Party Positions of Members of the
State Committee of the American Labor Party from the Second Assembly Dis-
trict, Nassau County; and WILLIAM H. FALES, FILIPPUS MOSESCO and CHARLES
L. KESSLER, as Candidates for Election to the Party Positions of Delegates to
the State Convention of the American Labor Party; and ARTHUR BLESSIN, TESSIE
IUDICA and JOHN WANAGAS, as Candidates for Election to the Party Positions
of Alternate Delegates to the State Convention of the American Labor Party;
and WILLIAM H. FALES, FILIPPUS MOSESCO and ARTHUR BLESSIN, as Candidates
for Election to the Party Positions of Delegates to the Second Judicial District
Convention of the American Labor Party; and TESSIE IUDICA, CHARLES L.
KESSLER and JOHN WANAGAS, as Candidates for Election to the Party Positions
of Alternate Delegates to the Second Judicial District Convention of the American
Labor Party, Petitioners, Respondents, for an Order Pursuant to Article XIV
and Sections 330 and 335 of the Election Law of the State of New York, against
WILLIAM D. MEISSER and PHILIP N. KRUG, Commissioners of Elections of the
County of Nassau, Constituting the Board of Elections of Nassau County,
Respondents, and EDITH HARVEY, Objector, Appellant, Declaring Valid and
Legally Effective the Designating Petition Filed in the Office of the Clerk of the
Board of Elections of Nassau County, Designating Petitioners as Candidates for
Nomination of the American Labor Party for the Public Offices Hereinabove
Specified and for Election to the Party Positions of the American Labor Party
Hereinabove Set Forth from the Second Assembly District, Nassau County.—
Order reversed on the law, without costs, and application denied, without costs.
The requirement of section 135 of the Election Law, as amended by chapter 182
of the Laws of 1941, that in each instance the town or city of residence of the
signer of the petition be set forth, is mandatory.  (*Matter of Lieblich* v. *Cohen*,
286 N. Y. 559; *Matter of McElroy* v. *Cohen*, Id. 686.)  Setting forth the name of
the village does not comply with this requirement.  Lazansky, P. J., Hagarty,
Johnston, Taylor and Close, JJ., concur.