Charles S. Colden, J.
Application for an order directing William H. Clayton and Robert Hairston, as Commissioners of Elections for Suffolk County, to accept and file the petition purporting to designate this petitioner as a designee for member of the county committee of the Republican party for the 17th Election District of the Town of Babylon, Suffolk County.
According to the enrollment records for the Town of Babylon, Suffolk County, for the year 1951, at least 20 valid signatures of the enrolled members of the Republican party are required for a valid designating petition. An examination of the designating petition, dated July 17, 1951, filed on behalf of this petitioner, discloses 22 signatures. Of these 22 signatures, 2, Otto H. Warthberg and Anna Warthberg, were rejected on the ground that said signers are enrolled members of another party, a statement of fact not challenged on the argument of this application. The signatures of Mrs. Chas. Reitz and L. F. Reitz were rejected for obvious inadequacy and the signatures of Cornelius R. Trainer and Kathryn F. Trainer were rejected for incomplete date.
This court sustains the action of the Board of Elections in rejecting the signatures mentioned. The number of valid signatures remaining is 15, and inasmuch as the number required is 20 the action of the Board of Elections in rejecting the petition was correct.
Upon the argument of this application the petitioner stressed the fact that the official “ Filed ” stamp of the Board of Elections had been impressed upon the designating petition in con *981 sequence whereof, it is urged that the Board of Elections is precluded from making any subsequent examination of the nominating petitions to determine their validity. The law is to ■ the contrary. It is the duty of the Board of Elections to accept petitions offered within the statutory period and it is likewise the duty of the board to thereafter determine the validity of the petitions within the statutory period. Within such statutory period the Board of Elections gave written notice of the insufficiency of the designating petition to the applicant here and ample time was afforded the applicant to examine the records of the Board of Elections had he chosen so to do.
Upon the application to Special Term the burden was upon the applicant to establish the validity of the petition in question. Upon the hearing the applicant offered no factual proof to challenge the validity of the determination of the Board of Elections and he offered no proof to sustain the validity of the designating petition. The burden was upon him to disprove the alleged irregularities and to establish the requisite number of valid signatures. The applicant wholly failed to sustain the burden of proof. Indeed, he offered no proof.. The motion of the petitioner is denied.
Submit order.