Charles S. Coldest, J.
Application for an order directing William Clayton and Robert Hairston, as Commissioners of Elections for Suffolk County, to accept and file the petition purporting to designate Henry H. Boeckmann for the party position of member of the Republican county committee for the 13th Election District of the Town of Huntington in Suffolk County.
According to the enrollment records for the Town of Huntington, Suffolk County, for the year 1951, at least 32 valid signatures of the enrolled members of the Republican party are required for a valid designating petition. An examination of the designating petition, dated July 16, 1951, filed on behalf of the petitioner, discloses 40 signatures. Of these 9, Isabella Otto, August Otto, Emma Berger, Marie T. Gerty, Fred J. Gerty, Bennett R. Fisher, Roslind Fisher, Levi Ericson and E. J. Shakespeare were not dated, and 3, Richard E. Allen, John Haack and Elizabeth Haack were rejected because it is claimed and was not controverted upon the argument that these signers are not enrolled voters.
This court sustains the action of the Board of Elections in rejecting the signatures mentioned. The number of valid signatures remaining is 28 and inasmuch as the number required is 32, the action of the Board of Elections in rejecting the petition was correct.
Upon the argument of this application the petitioner stressed the fact that the official “ Filed ” stamp of the Board of Elections had been impressed upon the designating petition in consequence whereof, it is urged that the Board of Elections is precluded from making any subsequent examination of the nominating petition to determine its validity. The law is to *983 the contrary. It is the duty of the Board of Elections to accept petitions offered within the statutory period and it is likewise the duty of the board to thereafter determine the validity of the petitions within the statutory period. Within such statutory period the Board of ..Elections gave written notice of the insufficiency of the designating petition to the applicant here and ample time was afforded the applicant to examine the records of the Board of Elections had he chosen so to do.
Upon the application to Special Term the burden was upon the applicant to establish the validity of the petition in question. Upon the hearing the applicant offered no factual proof to challenge the validity of the determination of the Board of Elections and he offered no proof to sustain the validity of the designating petition. The burden was upon him to disprove the alleged irregularities and to establish the requisite number of valid signatures. The applicant wholly failed to sustain the burden of proof. Indeed, he offered no proof. The motion of the petitioner is denied.
Submit order.