In the Matter of EMANUEL M. GOLDSTEIN, Petitioner, against EUGENE FENTON, Respondent.

In the Matter of EMANUEL M. GOLDSTEIN, Petitioner, against RAYMOND D. GURNEE, Respondent.

Supreme Court, Special Term, Rockland County, March 11, 1952.

*Emanuel M. Goldstein*, petitioner in person.

*Arthur Prindle* for Eugene Fenton, respondent.

*A. J. Bryant* for Raymond D. Gurnee, respondent.

EAGER, J.  Emanuel M. Goldstein, who is a candidate for police justice for the Village of South Nyack, New York, in accordance with an independent nominating petition filed with the village clerk on March 3, 1952, brings these proceedings under section 330 of the Election Law, attacking the validity of independent nominating petitions filed by Eugene Fenton and by Raymond D. Gurnee for the same office.

The independent nominating petition of Eugene Fenton as finally filed with the village clerk consisted of five pages of legal cap paper clipped together with ordinary paper clips and not stapled or otherwise fastened.  The first page contains the body of the petition, and certain signatures; the second page contains certain signatures and an affidavit by a witness; the third and fourth pages are pages filled with signatures with no affidavit attached; the fifth page is an affidavit of a witness. The body of the petition does not set forth the place of business of the candidate.  The affidavits of authentication on the second and fifth pages do not state the year of last registration of the witnesses, nor the respective residences of the witnesses at the time of last registration, nor a statement of the election district in which such residences were then located.  It appears, too, that the several sheets were not filed at one time, to wit, that the first two sheets were filed on March 1st, and that the remaining three sheets consist solely of signatures obtained after March 1st and a witness clause, without any body of a petition, which last three sheets were not filed until March 3d.

This Fenton petition is clearly defective and invalid because for any one of several reasons, among them being (1) that the several sheets comprising it, which are not fastened together except with paper clips, are not consecutively or otherwise numbered (*Matter of Nagiel* v. *Laukaitis*, 278 N. Y. 696); (2) that there is failure to have a separate authentication clause on each page of signatures (*Matter of McKague* v. *Pearsall*,

277 N. Y. 333; *Matter of Valone* v. *Smith,* 257 App. Div. 603), and (3) by reason of the fact that these pages now alleged to constitute a single petition were not all filed at one time. The last three pages comprising merely two pages of signatures and a page with an authentication clause, without a body of a petition, which last three pages were filed on March 3, 1952, are absolutely null as being no petition at all. It is clear that a group of signatures put on blank sheets of paper and obtained after the filing of a petition may not be later effectively attached thereto so as to become a part of the petition earlier filed. In addition, the Fenton petition is invalid because of failure to state the place of business of the candidate and because of insufficiency of certificate of authentication. (See for instance, decisions cited in second following paragraph in connection with Gurnee petition.)

The independent nominating petition of Raymond D. Gurnee was not filed until 8:00 P.M. on March 4, 1952. It does not set forth the place of business of the candidate as required by section 138 of the Election Law. The affidavits of authentication by the witness to the signatures do not state the year of his last registration, nor his residence at the time of such last registration, nor a statement of the election district in which his residence was then located. The subscribing witness who signed and swore to the authentication clauses attached to the petition is the village clerk with whom the petitions were filed. The petitions are not attested except by the oath of the village clerk.

This Gurnee petition fails to comply with the statute because it fails to state the place of business of the candidate (*Matter of Whiting* v. *Taub,* 187 Misc. 660, 661) and because the certificate of authentication fails to state the year in which the witness was last registered, his place of residence at the time of such registration and a statement of the election district in which such residence was then situate (*Matter of Bialis,* 92 N. Y. S. 2d 450; *Matter of Hall* v. *Heffernan,* 185 Misc. 742, 745, affd. 269 App. Div. 953, affd. 295 N. Y. 599; *Matter of Crosbie* v. *Cohen,* 281 N. Y. 329; *Matter of Dorsey* v. *Cohen,* 156 Misc. 792; *Matter of Stavola* v. *Cohen,* N. Y. L. J., Sept. 2, 1937, p. 562, col. 1, referred to in Abrahams on New York Election Law, p. 129; *Matter of Wood* v. *Board of Elections,* 247 App. Div. 322). This Gurnee petition was not filed in time, in that it was filed after 5:00 P.M. on the last day for filing. (Election Law, § 143, subds. 8, 11.) Also, this court holds that it was not good practice for the village clerk to act as the attesting witness to the

signatures to this petition which was to be filed with him. The village clerk, with whom an independent nominating petition is filed, has the duty of determining objections to such a petition if they are filed, and such objections may, of course, relate to the signatures to the petition and the manner of the witnessing thereof. It would seem irregular, therefore, for such clerk to witness a petition when he later may be called upon to review the instrument which he has witnessed.

The fact that certain of the above defects to the Gurnee petition were not specified as grounds for objection in the objections filed with the village clerk, does not prevent the petitioner from urging them in this court as grounds for avoiding the petition (*Matter of Pavis* v. *Heffernan,* 185 Misc. 626, affd. 269 App. Div. 912, and cases cited).

This court recognizes the general rule that where irregularities in the matter of nominating petitions occurred in good faith and do not relate to matters of substance, they should be overlooked whenever possible in order that electors may be given every opportunity of choice between two or more candidates at the polls. The court is also mindful of the fact that the statute only requires substantial compliance with the law as to the body of the petition and that the courts recognize the necessity of facilitating the procurement of signatures to nominating petitions. The courts have nevertheless insisted upon strict compliance with statutory election procedure in order to prevent fraud and as a deterrent against inaccuracies which would result from irregular procurements of signatures to nominating petitions. (*Matter of Whitman,* 174 Misc. 1087, 1089; *Matter of Stephens* v. *Heffernan,* 186 Misc. 275.) This court undoubtedly would have the power to overlook certain of the particular objections if they stood alone. But, while there is no question but what the candidates and the village clerk acted in good faith, the deficiencies in these petitions and in the nominating procedure are not all mere irregularities or informal defects which the court may, in its discretion, disregard. (See all cases cited *supra* in this opinion.) The several objections to each petition combined cannot be brushed aside on the theory that there has been substantial compliance with the law. The court, therefore, as a matter of law, and not as a matter of discretion, grants the motions of the petitioner Goldstein to declare invalid the nominating petition of Fenton, and also to declare the nomination of Gurnee invalid.