In the Matter of ETHEL WEXLER et al., Respondents, against JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Respondents, and VICTOR L. ANFUSO et al., Appellants.

Argued September 9, 1953; decided September 9, 1953.

·ʼ *Abraham J. Gellinoff, S. Philip Cohen* and *Alfred J. Callahan* for appellants.

*George Rosling* and *Sidney Squire* for Ethel Wexler and another, respondents.

Order affirmed. The enrollment of Puglisi having been properly cancelled under section 332 of the Election Law, the only remaining question is as to the date on which the cancellation became operative. We agree with the courts below that such date is that of the improper enrollment. (See Election Law, § 135, par. 3.) No opinion.

Concur: Lewis, Ch. J., Conway, Dye and Froessel, JJ. Desmond, Fuld and Van Voorhis, JJ., dissent and vote to reverse in the following memorandum: In *Matter of Rhatigan* v. *Power* (*ante,* p. 551), decided herewith, we vote to affirm, since, on the facts found below, Mr. Puglisi's registration and enrollment were properly stricken from the books, as unlawful, under sections 331 and 332 of the Election Law. However, in Matter of Wexler, there is presented a different question involving the voting rights of thousands of citizens other than Mr. Puglisi. When Mr. Puglisi acted as a member of the committee to fill vacancies, he was performing not a personal, but a representative, function on behalf of the signers of the nominating petitions. At the time he so acted, he was in fact enrolled and was at least a *de facto* member of the committee (see *People* v. *Cook,* 8 N. Y. 67, 87–90). Surely, the signers of the petition did not have to go beyond the enrollment records to determine eligibility for membership on the vacancy committee. We think it farfetched to invalidate the action of the committee and debar from the primary election a borough-wide candidate, because of a discovery that Mr. Puglisi's own party enrollment had been based on untrue answers, although Mr. Puglisi was entitled and, on the actual facts, qualified for enrollment. Strict construction of the Election Law authorizes cancellation of his registration and enrollment, unlawfully made, but we find no authority or reason for canceling action taken by him as a vacancy committee member, while he was in fact enrolled. The order should be reversed, and the proceeding dismissed.