In the Matter of JOHN T. McKEEVER, Petitioner, against HENRY T. HORNIDGE et al., Respondents.

Supreme Court, Special Term, Westchester County, March 10, 1954.

*Rubin & Rubin* for petitioner.

*Roger H. Harper* and *Henry T. Hornidge,* in person, for Henry T. Hornidge and others, respondents.

BAILEY, J.   In this proceeding the legality of the petition purporting to nominate Henry T. Hornidge for police justice and Barney Epstein and Jack B. Holland each for the office of trustee upon a ticket named as '' The Non-Partisans '' for the village election of the Village of Mamaroneck to be held March 16, 1954, is challenged.

The respondents upon the return of this application moved the court for a dismissal of the proceeding upon two grounds. First, that the petitioner herein who has instituted this proceeding individually and as chairman of the village committee of the Republican party of Mamaroneck is not a proper party under the provisions of the Election Law to commence such a proceeding and, second, that inasmuch as this is a village election the entire election machinery is governed by article 3 of the Village Law.   Neither of respondents' objections may be sustained.   As chairman of a committee to represent a party in a political unit, petitioner is an interested party and is entitled to file objections in accordance with the provisions of section 145 of the Election Law and to maintain this proceeding pursuant to the provisions of section 330 of the Election Law. (*Matter of Simpson* v. *Cohen,* 173 Misc. 372, affd. 258 App. Div. 1039.)   Although the Village Law contains certain provisions governing the conduct of elections the procedure for both party and independent nominations for public office is contained exclusively in sections 135 and 138 of the Election Law.   The procedure and requirements thereof control the present situation. Respondents' motion to dismiss the petition must therefore be denied.

The allegation of invalidity of the nomination here under attack is based upon the failure of the signers thereof to have designated upon said petition the town wherein they reside as required by sections 135 and 138 of the Election Law.   As to each signer the place of residence within the village alone is indicated with no reference whatsoever to the town.   The petitioners' contentions have been sustained by the courts.   In *Matter of Fales* v. *Meisser* (264 App. Div. 949, affd. 289 N. Y. 626), the court said '' The requirement of section 135 of the

Election Law * * * that in each instance the town or city of residence of the signer of the petition be set forth, is mandatory. * * * Setting forth the name of the village does not comply with this requirement." It is argued on behalf of respondents that such statutory requirement should not apply to village elections. Nevertheless the statute makes no distinction as to nominations for village officers but refers to nominations for public office. The nominating petition is invalid for the reason herein stated and the village clerk is enjoined from placing upon the ballot under the designation " The Non-Partisans " the names of the candidates designated in such petition. Submit order accordingly.