Frank H. Coyne, J.
This is a proceeding under the Election Law to review and annul the determination and action of the Clerk of the Village of Tarrytown, New York, in rejecting an independent nominating petition. Petitioners are the designated candidates for the Tarrytown Citizens’ Party nomination for the office of Trustee of said village.
It appears that on March 4,1958, petitioners caused to be filed with the Clerk of the village an independent nominating petition consisting of nine pages, containing 135 signatures. Concededly, the requisite number of valid signatures for nomination is 100. Upon examination of the petition, and on the advice of the village attorney, the Clerk rejected the petition upon the ground that it failed to comply with the requirements of section 138 of the Election Law. On March 5,1958, the village attorney filed an opinion reciting the specifications for the rejection. On the following day, March 6, 1958, the Village Clerk notified each of the petitioners by registered mail that the petition had been rejected for failure to comply with section 138 of the Election Law. Thereupon, the instant proceeding was initiated by petitioners.
In opposing the petition, respondent asserts numerous and varied grounds for sustaining her determination and action. Many specifications challenge the petition in its entirety; others relate to the invalidity of some 47 signatures.
Quite apart from the main question as to the validity of the petition and the signatures thereon, petitioners raise a preliminary question in regard to the procedure invoked by the Clerk in rejecting the petition; .and as to her general powers under the circumstances. Specifically, petitioners urge that the sole function of the Clerk was “ no more than to scrutinize the face of the petition as to compliance and if compliance was shown to place the name on the ballot.” With this general statement there can be no quarrel. However, in the present instance, the function of the Clerk was not as circumscribed and restricted as petitioners contend. Up to a point, petitioners correctly quote the controlling law. It is in the application of such law that petitioners stray afield.
The law is well settled that the power of the Board of Elections (in this instance, the Village Clerk) to determine the Validity of a, petition extends only to ministerial examination *666 and not to judicial. (Matter of McGovern [Olson], 291 N. Y. 104; Matter of Wicksel v. Cohen, 262 N. Y. 446; Matter of Waters, 248 App. Div. 830.) The Board of Elections is vested with statutory authority within the scope of its ministerial powers to determine the validity of a filed petition. The mere-filing and acceptance of a petition does not ipso facto preclude the board from acting upon it in accordance with the directions and time limitations of the statute. (Matter of Boeckmann v. Clayton, 10 Misc 2d 981; Matter of Caples v. Clayton, 10 Misc 2d 979.) A Board of Elections has no power to deal with factual issues or objections involving matters not appearing on the face of the petition presented for filing. Extrinsic, ancillary and evidentiary matters not appearing on the face of the petition are not within the jurisdictional power of the board. This authority is a judicial function reserved solely for the court. (Schwartz v. Heffernan, 304 N. Y. 474, 480.)
The distinction between ministerial and judicial acts has been defined by the Court of Appeals in Matter of Wicksel v. Cohen (supra) as follows: “ Where the rule to be followed by a public officer or board is prescribed by law so as to leave nothing to the exercise of judgment or discretion, action is ministerial, but where the exercise of judgment or discretion is involved in determining whether a duty exists, the act is judicial. ” (See, also, Abrahams, New York Election Law, p. 339.)
The jurisdiction of the board extends to an examination of the petition for the purpose of ascertaining if, on its face, it contains a sufficient number of qualified voters; and to reject those which by reason of duplication, nonresidence or nonregistration have no right to be counted as qualified signers. Such matters are in the nature of ministerial duties, thus enabling the board to determine whether the petition complies with statutory requirements. (Matter of Mutter v. Cohen, 156 Misc. 564, affd. 245 App. Div. 856.) In the event the petition is rejected, the board must give timely notice to all interested parties.
Under the foregoing authorities, it cannot be gainsaid that the Village Clerk in the present instance had the power — subject to review by the court - — to reject the petition where-the defects and omissions appeared on the face of the petition.
Since the petition is now before the court in the instant proceeding initiated by the aggrieved candidates, the question as to the power of the Clerk becomes academic. As observed by the Court of Appeals in Matter of Orange (272 N. Y. 61, 66): “ The requirements of justice, however, do not permit a court to find that a petition is legal when it lacks the legal number of *667 signatures.” (See, also, Matter of Greenwood v. Curran, 202 Misc. 493, affd. 280 App. Div. 947.)
It is apparent from an examination of the independent nominating petition that legal grounds exist for rejection of a substantial number of signatures — probably to an extent reducing the total number below the required minimum (100). However, a more cogent and compelling reason exists for declaring the petition invalid in its entirety. In no one instance does the signer of the petition designate the town wherein he or she resides as required by sections 135 and 138 of the Election Law. This omission has been held to be fatal. (Matter of McKeever v. Hornidge, 205 Misc. 362, affd. 283 App. Div. 805, affd. 306 N. Y. 876; Matter of Fales v. Meisser, 264 App. Div. 949, affd. 289 N. Y. 626.) Clearly, the recital of “ Town of Greenburgh ” at the top of the last column on each sheet relates to the residence of the signer at the time of the preceding general election, and not to his or her present residence.
Other defects, some fatal, some mere irregularities, are noted. Neither the present residence, nor the residence at last registration, except in a few isolated instances, state the village or political unit where it is located. Only a street address is given. (See Matter of Bush v. Barker, 173 Misc. 66.) The petition does not adequately state the address of the candidate’s place of business. (See Matter of Whiting v. Taub, 187 Misc. 660; Matter of Goldstein v. Fenton, 202 Misc. 435.) The clause appointing a committee to fill vacancies is insufficient in that it does not state the names and addresses of at least three persons with a recital that they are qualified voters. (See Matter of Christiana, 120 Misc. 423; Matter of Bush v. Barker, supra; Matter of Creede, 177 Misc. 141.)
The court is not unmindful of the general rule that the statute requires only substantial compliance with the law in order that a voter may be given the opportunity of choice between candidates at an election. However, the deficiencies in the petition before the court cannot be cast aside upon the theory that there has been.a substantial compliance with the law. Without for one moment imputing such motives to petitioners, the courts nevertheless have insisted upon strict compliance •with statutory election procedure in order to prevent fraud, and as a deterrent against inaccuracies which would result from irregular procurements of signatures to nominating petitions. (Matter of Goldstein v. Fenton, supra; Matter of Whitman v. Cohen, 174 Misc. 1087; Matter of Stephens v. Heffernan, 186 Misc. 275.)
*668 Accordingly, the independent nominating petition herein is ruled invalid and ineffective in its entirety. Petition denied, and proceeding dismissed.
Settle order on notice.