Felix J. Aulisi, J.
This is an application for an order directing and compelling the Board of Elections of Washington County to accept for filing, nunc pro tunc, as of the 19th day of September, 1961, the independent nominating petition of the above-named petitioners as candidates of the Citizen’s party for various offices in the Town of Whitehall, Washington County, and also to accept for filing their certificates of acceptance. The petition and certificates of acceptance were left with one of the Commissioners of Elections on September 22, 1961, and three days later the Commissioners of Election notified all of the petitioners that the nominating petition of the Citizen’s party was null and void for the reason that it was not filed pursuant to the provisions of the Election Law.
I am satisfied that the Election Commissioners acted properly. There is no question that this court has the power to order that the petition and certificates be accepted and filed and thereby relieve the petitioners from the mistake or misunderstanding which occasioned the late filing. Section 330 of the Election Law confers upon the Supreme Court the power to determine what justice requires in controversies of this kind. The question to be determined here is whether there is just and reasonable cause upon the facts in this case for the court to exercise the judicial discretion vested in it, and, in doing so, permit the petition and certificates in question to be filed.
Petitioners desire to be relieved of the late filing of their petition and claim that mistakenly they relied upon the provisions of subdivision 8 of section 143 of the Election Law which gave them until October 10, 1961 to file said petition. They contend that they did not become aware of the existence of subdivision 11 *398 of section 314, which, requires that the petition be filed not later than September 19,1961, until three days later. The petitioners concede that section 314 is the controlling statute but urge that their mistake is excusable for the reason that the title to the two sections is confusing; one indicates that it pertains to “ Times for filing petitions and certificates ” etc., while the other entitled ‘ * Special provisions as to time of nominating, designating and electing candidates ” etc., is found in article 12 captioned “ Voting by Members of Armed Forces To deny relief to the petitioners would be an abuse of discretion were it not for the fact that they will have their names on the election ballot notwithstanding any decision resulting from this proceeding. All of the petitioners are candidates for the same offices on the Democratic party ticket having been duly nominated by that party. In effect, the petitioners urge the court to excuse their mistake, overlook the provisions of section 314, which controls here, and use its judicial discretion to permit them to file the instant petition, so that they can run as independents as well as candidates designated by the Democratic party. In my opinion this would be prejudicial to the other candidates for the same office whose names would appear on the ballot only once.
The facts and circumstances in this ease are such that I feel constrained to conclude that the application herein should be denied. The courts have exercised discretion in cases of this kind under the power delegated by the Legislature and in a number of cases have decreed and permitted the late filing of nominating petitions. A research of the case law indicates an apparent desire of the courts to liberally apply such discretion in order to insure fair elections and to give electors the opportunity to exercise their right of free choice.
I am satisfied that a denial of this application will in no wise impair or affect the right of a voter of the Town of Whitehall, Washington County, to exercise his will. It is my belief that there is not just and reasonable cause in this case for me to grant the relief sought and I, therefore, decide and conclude that the application should be denied, without costs.
An order may be submitted accordingly.