Michael Catalano, J.
Petitioners seek to have declared void the independent nominating petition filed with the Board of Elections of Erie County, New York, nominating Peter B. Carr as candidate for Mayor of the City of Buffalo of the People First party upon the ground that the petition did not describe a committee to fill vacancies, stating ‘ ‘ names and addresses of at least three persons, all of whom shall be voters within such political unit”. The Carr petition stated that the following named persons, all of whom are enrolled voters, as a committee to fill vacancies in accordance with the provisions of the Election Law:
‘1 Richard C. Deegan, 49 Oakhurst St., Buffalo 20, N. Y.
“ John P. Fecio, 89 Strathmore Ave., Buffalo 20, N. Y.
1 ‘ William F. Shields, 828 McKinley Plcwy., Buffalo 20,
N. Y. (formerly 43 Eaglewood Ave.,
Buffalo 20, N. Y.) ”
It was stipulated by the parties in open court that William F. Shields resided at 43 Eaglewood Avenue, Buffalo 20, New York, located in the Third District of the Second Ward until June 1, 1960 when he moved to 828 McKinley Parkway, Buffalo 20, New York, located in the First District of the Second Ward, where he still resides; that he did not reregister from his present address until October 5, 1961, the date of the argument of this motion in this court. It is not disputed that said Shields had registered with the Board of Elections from 43 Eaglewood Avenue on August 27, 1957. So, he was not registered as a voter at the time of the filing of the said independent nominating petition, but he is now registered and qualified to vote at the next general election on November 7, 1961.
The question is: Is the Carr petition invalid accordingly?
Section 138 of the Election Law entitled 11 Independent nominations.” provides, in part, in subdivision 2, as follows: “ Each sheet of such a petition shall be signed in ink and shall be substantially in the following form: * * * I do hereby
appoint (here insert the names and addresses of at least three persons, all of whom shall be voters within such political unit) as a committee to fill vacancies in accordance with the provisions *946 of the election law.” (Emphasis supplied. See L. 1954, ch. 745, § 2; L. 1935, eh. 955, § 8.)
Substantial compliance with section 138 of the Election Law is sufficient. Where three persons have their names and addresses set forth as the committee to fill vacancies and all are qualified voters, although one of them was not properly registered for the coming election until after the independent nominating petition was filed with the Board of Elections, such petition is valid. (See Matter of Bowes v. Board of Elections, 265 N. Y. 603.) Such a nominating petition would be valid notwithstanding an irregularity in naming more than one committee to fill vacancies. (See Matter of Garside v. Cohen, 265 N. Y. 606.) The question of a vacancy is only material when it arises; it is only then that an objection, that a proper committee on vacancies was not appointed, is timely, relevant and material. (See Matter of Brady v. Board of Elections, 178 Misc. 797.)
Here, the Carr petition is substantially sufficient on its face because all that is required by the statute has been set forth, to wit: the names and addresses of at least three persons who reside within the particular political unit, namely, the City of Buffalo, New York, and the recital that they are vd'ters within the particular political unit. The inquiry to determine if they are in fact voters therein requires inspection of the official records of registration and the qualifications of the named persons to be voters. The challenged committeeman was a qualified elector, without question. The only remaining step necessary to become a qualified voter for the next general election was to register from his present address as stated in the petition. This he did in a timely manner, albeit it was on the date of argument of this motion, October 5, 1961. The only time such final step of qualification to vote becomes necessary is when the law has been complied with by such committeeman so that he may vote at the election in which the candidate for office named in the petition will be on the official ballot.
The authorities cited by the petitioners herein do not change these conclusions. In Matter of Roosevelt v. Power (8 N Y 2d 869), the petitioner, a candidate of the Democratic party for election as delegate to the Democratic National Convention, failed to register from his new residence upon the usual registration days in October, 1959, and he did register centrally on March 9, 1960, but this was held not to have any retroactive effect; in this case Committeeman Shields registered, duly and promptly in order to qualify for the next election. In Matter of Wexler v. Power (306 N. Y. 553), the enrollment of a com *947 mitteeman on vacancies was properly cancelled under section 332 of the Election Law but was held to be operative upon the prior date of improper enrollment; here Shields enrolled properly and his enrollment was never cancelled. In Matter of Veteran v. Tarry town Citizens’ Party (13 Misc 2d 664, 667) the petition failed to ‘ ‘ state the names and addresses of at least three persons with a recital that they are qualified voters”; here, all of these are stated in the Carr petition. In Matter of Creede (177 Misc. 141), the space provided for the naming of the committee on vacancies was left blank; not so here. The same is true in Matter of Bush v. Barker (173 Misc. 66). In Matter of Christiana (120 Misc. 423) three persons were named as a committee on vacancies, but their addresses were omitted and nothing stated they were qualified voters of the Village of Blasdell, the unit involved. In Matter of Chamberlain v. Vroman (296 N. Y. 689) only the authenticating affidavits of subscribing witnesses were involved and the court held they did not substantially comply with section 135 of the Election Law because such affidavit stated the residence from which each subscribing witness last registered ‘1 was then in ” a specified election district instead of stating that said residence “is in” such election district. (See, also, Matter of Daly v. Gibbs, 296 N. Y. 690.) In Matter of Vona v. Cohen (150 Misc. 649, affd. 240 App. Div. 827, affd. 262 N. Y. 706) the court held that the Election Law does not require the members of the committee on vacancies to reside in the political unit in which the candidate himself resides.
The objections to Carr’s petition filed with the Board of Elections by the petitioners herein specified, inter alia, the grounds as: “ The committee on vacancies is not duly constituted as required by law, in that a member of the committee on vacancies is not a duly qualified voter.” The Deputy Commissioner Cramer of the Board of Elections stated under oath that in his opinion this specification as to the grounds of the objection was sufficient. This court concurs.
When the Carr petition was passed upon by the Board of Elections, Commissioner James R. Lawley held it to be valid; Commissioner Richard R. O’Connell held it to be invalid, thus, the tie vote resulted in a final ruling by the board that said petition was valid. Based upon the law above stated and the reasons set forth herein, the court concurs with the board’s final ruling.
The petition herein should be dismissed.
The question is answered: No.
Therefore, the motion is denied, without costs.