## (October 14, 1964)

■ In the Matter of EDWARD C. SYKES, as Candidate of the Justice Party for the Office of Member of the Assembly for the County of Sullivan, Appellant-Respondent, v. MILDRED S. MILLSPAUGH et al., Constituting the Board of Elections of Sullivan County, Respondents, and JOHN J. DOTY, Respondent-Appellant.

AULISI, J. This is an appeal from a final order of the Supreme Court, Sullivan County, which ruled that the independent nominating petition of Edward C. Sykes for the office of Assemblyman from Sullivan County was "invalid and insufficient upon its face and in its entirety", and which ordered the Board of Elections of Sullivan County to declare that nominating petition invalid on its face. The Trial Term, while denying Sykes' petition before it under section 330 of the Election Law, did, however, grant Sykes' oral motion to file his certificate of acceptance for office *nunc pro tunc* as of September 9, 1964.

We find that Trial Term properly exercised its discretion in granting petitioner's motion to file his acceptance *nunc pro tunc*. (See *Matter of Scott* v. *Board of Elections,* 30 Misc 2d 397; 2 Gassman, Election Law [2d ed., 1962], § 105.)

The two main grounds for Trial Term's decision that the petition was insufficient on its face are (1) that the signers failed to indicate on the nominating petition their present town as required by sections 138 and 135 of the Election Law and (2) that the statements of the subscribing witnesses in nearly all of the 157 sheets making up the petition were incomplete or erroneous.

The pertinent section with regard to the information required from signers of independent nominating petitions, however, is section 138 of the Election Law and not section 135 upon which Trial Term also relied. Section 138 does not by its terms require the signer of a petition to indicate his present town, but only the town of his last registration. Since signers to a number greatly in excess of the number required have done so, we find the signatures are sufficient and valid in that respect.

We also find that the subscribing witnesses to signatures far in excess of the requisite number did in fact indicate the town from which they last registered. The fact that the subscribing witnesses either left blanks or put their assembly district in the second space provided by the form which called for a repetition of the town already given is not fatal.

The number of signatures on the independent nominating petition which we find are invalid for one reason or another does not significantly reduce the total number of valid signatures and certainly does not bring it below the 1,123 signatures which are required for nomination.

None of the additional objections urged is of sufficient moment to require discussion or to affect the result. We find substantial compliance with the statute (*Matter of Barber* v. *Varney,* 277 App. Div. 326; *Matter of Johnson* v. *Westall,* 208 Misc. 360, affd. 286 App. Div. 966; *Goldstein* v. *Fenton,* 202 Misc. 435; 1 Gassman, Election Law [2d ed., 1962], § 19; 18 N. Y. Jur., Elections, §§ 211, 220, 221).

Order modified, on the law and the facts in accordance herewith and, as modified, affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.