Robert H. Ecker, J.
This is a proceeding brought on by petition and order to show cause under subdivision 2 of section 330 of the Election Law where petitioner seeks an order of this court declaring a certain certificate of nomination of the Republican Party in the Town of Schoharie certifying as to the nomination of a candidate for town supervisor and two candidates for assessor and duly filed with the Board of Elections of Schoharie County declared defective and invalid.
An answer was filed on behalf of the nominees denying all allegations of the petition with the exception of the allegations that the Board of Elections is the duly authorized agency to accept and file certificates of nominations pursuant to the Election Law of New York State and that the respondents Alger, Chirieleison and Porter, all residents of the Town and County of Schoharie, State of New York, were nominated as Republican candidates for certain public offices of the Town of Schoharie. Accordingly, the answer put into issue the jurisdictional allega *295 tions of the petition and the petitioner’s standing thereby to maintain this proceeding.
Petitioner testified that he resided in the Town of Schoharie, was, at the time of the filing of the petition, Schoharie County Democratic Committee chairman and that he thought he had filed objections to the certificate of nomination of the Republican Party of the Town of Schoharie on September 14, or 15 of 1974, and that he had also filed specifications. However, the objections were not offered in evidence nor were the specifications and there was no proof of the date of filing the specifications with the Board of Elections or even the content of the specifications or objections.
Subdivision 2 of section 330 of the Election Law as far as here pertinent, vests jurisdiction in the court to summarily determine any question of law or fact as to “ the nomination of any candidate * * * in a proceeding instituted by any candidate aggrieved or by the chairman of any committee as defined in section two, or, in the case of a nomination made otherwise than at a primary election, by a person who shall have filed objections pursuant to section one hundred forty-five. ’ ’
Section 145 of the Election Law provides that a written objection to any certificate of nomination may be filed with the Board of Elections within three days after the certificate to which objection is made is filed and it further provides: “ When such an objection is filed, specifications of the grounds of the objection shall be filed with the same officer or board within six days thereafter, and if such specifications are not so filed, the officer or board shall dismiss the objection.”
It is not entirely clear whether petitioner invokes the jurisdiction of this court as a person who has filed under section 145 of the Election Law or as a chairman of the Schoharie County Democratic Committee, although the brief submitted on behalf of the petitioner states: ‘ ‘ This proceeding was commenced by a Show Cause Order submitted upon an application made by the Chairman of the Schoharie Democratic Committee. ’ ’
If petitioner is proceeding as a person having filed objections under section 145, then the court holds that petitioner has failed to meet his burden in establishing the jurisdictional elements necessary to maintain this proceeding. There is no proof before this court of the objections allegedly filed with the Board of Elections nor of the specifications and further there is no proof that the specifications, if .such there be, were filed within six days of the alleged filing of objections. See Matter of Margolis v. Larkin (39 A D 2d 951-952, affd. 30 N Y 2d 876) where the *296 court said: “ Judgment reversed, on the law, without costs, petition dismissed and designating petitions validated. Appellant contends that the citizen-objector is without -standing to maintain this proceeding because he admittedly failed to file specifications of his objections as is required by section 145 of the Election Law. We agree with this contention and think that Special Term was in error considering the merits of the case. Section 330 of the Election Law, which establishes this proceeding, requires the filing of objections by a citizen-objector as prescribed in section 145 of the Election Law as a condition precedent to maintaining suit thereunder. Section 145 of the Election Law provides that specifications of such objections be filed within six days after the filing of the objections or the objections will be dismissed. In view of the summary nature of this proceeding, the filing of such specifications is a natural concomitant of due process (see 1 Gassman, Election Law-Decisions and Procedures, §§ 75, 76, and cases cited therein; Abrahams, New York Election Law, pp. 298-299).”
If petitioner institutes this proceeding as chairman of the Schoharie County Democratic Committee, the court concludes he has no standing as such to maintain this proceeding.
Under subdivision 2 of section 330 of the Election Law standing to invoke the jurisdiction of the court is granted to the chairman of a committee as defined in section 2 of the Election Law.
Subdivision 10 of section 2 reads as follows: ‘ ‘ The term 1 committee ’ means any committee chosen, in accordance with the provisions of this chapter, to represent the members of a party in any political unit.”
The term “ political unit ” is defined in subdivision 1 of section 2 as follows: ‘ ‘ The term ‘ political unit ’ means the state or any political subdivision thereof or therein. ’ ’
The ‘1 political unit ’ ’ involved in this proceeding is the Town of Schoharie. Clearly the term 1 ‘ committee ’ ’ as used in section 330 therefore relates to a committee representing the members of a party in the Town of Schoharie. See Matter of McKeever v. Hornidge (205 Misc. 362), holding that the chairman of the village committee of the Republican Party of Mamaroneck was a proper party to maintain a proceeding under section 330 of the Election Law to challenge the legality of a petition purporting to nominate candidates for village office. Here there was a Democratic town committee for the Town of Schoharie and the chairman of that committee would be the proper chairman to initiate a proceeding under section 330 of the Election Law challenging the legality of a certificate of *297 nomination for candidates for town office in the Town of Schoharie.
The chairman of the Democratic County Committee represents the members of the Democratic Party in the County of Schoharie as a “ political unit ’ \ He has no standing here simply because the Town of .Schoharie is within the County of Schoharie, any more than the chairman of the Democratic State Committee would have standing to initiate this proceeding simply because the Town of Schoharie was within the State of New York. Similarly, the chairman of the Democratic Town Committee of the Town of Cobleskill would not have standing to initiate this proceeding because that committee does not represent any party in the political unit of the Town of Schoharie.
Because of the lack of jurisdiction, the court does not consider the merits of the case. (See Matter of Margolis v. Larkin, 39 AD 2d 951, affd. 30 N Y 2d 876, supra.)