■ In the Matter of DENNIS R. RYAN, Respondent, v HOWARD S. AXELROD, Appellant, and RAYMOND KINLEY et al., Constituting the Board of Elections of the County of Albany, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, dated October 24, 1979 in Albany County, which granted petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, seeking to declare invalid the independent nominating petition nominating appellant as the candidate of the Responsive Government Party for the office of County Legislator in the Fifteenth Legislative District in the County of Albany in the November 6, 1979 general election. Although an independent nominating petition purporting to appoint as members of the committee to fill vacancies persons

who do not live in the political unit for which the nomination is being made is invalid *(Matter of Dolan v Platt,* 72 AD2d 647), a petition where one member of the committee is disqualified is not rendered invalid *(Matter of Brennan v Power,* 307 NY 818). Accordingly, where, as here, the petition purports to appoint three members to the committee to fill vacancies but only one of whom resides within the proper political subdivision, and where, as here, to conclude otherwise would deprive the electorate of the opportunity of choice between candidates, we hold that there has been substantial compliance with section 6-140 of the Election Law solely for the purpose of validating the petition. The judgment of Special Term should, therefore, be reversed. Judgment reversed, on the law, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane and Herlihy, JJ., concur.

Staley, Jr., J., dissents and votes to affirm in the following memorandum. Staley, Jr., J. (dissenting). I would affirm upon the decision of Special Term. In *Matter of Brennan v Power* (307 NY 818), it was held that a petition which names a committee on vacancies is not rendered invalid because of the disqualification of one of the members. (Cf. *Matter of Dietrich v Northrup,* 82 Misc 2d 941.) In *Matter of Santucci v Power* (14 NY2d 764), it was held that where a majority of the committee to fill vacancies were qualified, the designating petition was not defective. Under the circumstances here, there was no majority of the committee to fill vacancies qualified to act, and the petition was, therefore, fatally defective. *(Matter of Wexler v Power,* 306 NY 553; Election Law, § 6-148, subd 2.)