## (October 16, 1981)

In the Matter of KARL E. FELSEN, Respondent-Appellant, v GEORGE P. SCARINGE et al., Constituting the Board of Elections of the County of Albany, Respondents, and KEVIN A. MOSS et al., Appellants-Respondents. — Cross appeals from a judgment of the Supreme Court at Trial Term (Marinelli, J.), entered October 6, 1981 in Albany County, which granted petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, to declare invalid the nominating petition naming certain persons as candidates of the Independent Party for public office in the Town of Guilderland, Albany County, in the November 3, 1981 General Election. By nominating petition filed September 15, 1981, the Independent Party sought to name several

candidates for town offices in the Town of Guilderland, Albany County, in the general election to be held November 3, 1981. On September 18, 1981, petitioner Felsen filed objections to the petition on a number of grounds. Following the filing of specifications, the two election commissioners split their votes on the objections, and the validity of the nominating petition was thereby upheld. The instant proceeding was commenced and was heard at a Trial Term of the Supreme Court, Albany County, on October 5, 1981. At the argument before Trial Term, petitioner's attorney advanced two grounds upon which he contended the petition should be invalidated: (1) that the petition failed to adequately indicate the public offices sought since the offices were not specifically designated as "Town of Guilderland" offices, and (2) that the committee to fill vacancies named in the petition was not properly comprised of three voters, each of whom were registered voters within the town prior to the first day upon which a petition could be circulated. With regard to petitioner's second ground, the parties stipulated upon the argument before Trial Term that two of the members of the committee to fill vacancies were not registered from their current Town of Guilderland addresses prior to August 4, 1981, the first day upon which a petition could be circulated, but that they were registered to vote from other addresses in Albany County prior to that date. It was further stipulated that one of the two committee members registered in Guilderland on August 5, 1981 and the other registered in the town on August 11, 1981. Finally, it was agreed that the third committee member was registered in the Town of Guilderland prior to August 4, 1981, and his qualifications to serve as a member of the committee were not contested. Trial Term rejected petitioner's first contention regarding the description of the offices sought, holding that there was substantial compliance with the Election Law. However, the court further determined that the two challenged members of the committee to fill vacancies were ineligible to serve in such capacity since they were not registered in the political unit prior to the first day upon which a petition could be circulated. It was, therefore, concluded that a valid committee to fill vacancies did not exist, and that the petition should be granted and the nominating petition invalidated. The respondent candidates appeal this determination and petitioner cross appeals from so much thereof as fails to include, as an additional ground for invalidation, the lack of specificity of the petition regarding the offices sought. Section 6-140 of the Election Law governs independent nominating petitions, and subdivision 1 thereof provides that a committee to fill vacancies shall be designated on a petition in substantially the following form: "I do hereby appoint * * * *(here insert the names and addresses of at least three persons, all of whom shall be registered voters within such political unit),* as a committee to fill vacancies in accordance with the provisions of the election law" (emphasis added). We construe this language to clearly require that the members of the committee to fill vacancies must be registered voters within the appropriate political subdivision, here the Town of Guilderland. Although the petition in issue apparently indicated to the contrary, two of the named members of the committee were *not* registered as required by the statute. Accordingly, Trial Term properly found these two individuals ineligible to serve on the committee and, in view of their ineligibility, correctly invalidated the nominating petition (see Election Law, § 6-148, subd 2; *Matter of Wexler v Power,* 306 NY 553; cf. *Matter of Ryan v Axelrod,* 72 AD2d 646). *Matter of Naples v Carr* (29 Misc 2d 944, affd 14 AD2d 828, affd 10 NY2d 850), relied upon by respondents, is distinguishable since, unlike former section 138 of the Election Law (see L 1949, ch 100), the statute now provides that members of the committee to fill vacancies "shall be *registered* voters within such political unit" (Election Law, § 6-140, subd 1; emphasis added). In view of this determination, we need not address the other issue considered by

626

Trial Term. Judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Herlihy, JJ., concur.