OPINION OF THE COURT
George R. Bartlett, III, J.
On or about February 10, 2005, defendant, Mary Dawn Sitors, was charged with 20 counts of violating Agriculture and Markets Law § 353, a misdemeanor. That section, entitled “Overdriving, *929 torturing and injuring animals; failure to provide proper sustenance,” provides that:
“A person who overdrives, overloads, tortures or cruelly beats or unjustifiably injures, maims, mutilates or kills any animal, whether wild or tame, and whether belonging to himself or to another, or deprives any animal of necessary sustenance, food or drink, or neglects or refuses to furnish it such sustenance or drink, or causes, procures or permits any animal to be overdriven, overloaded, tortured, cruelly beaten, or unjustifiably injured, maimed, mutilated or killed, or to be deprived of necessary food or drink, or who wilfully sets on foot, instigates, engages in, or in any way furthers any act of cruelty to any animal, or any act tending to produce such cruelty, is guilty of a misdemeanor . . .
In particular, the informations filed against defendant on or about February 10, 2005 allege that on or about February 4, 2005 in the Town of Carlisle, County of Schoharie, State of New York, defendant “failed to provide proper sustenance” in violation of Agriculture and Markets Law § 353 as she:
“[IJntentionally, knowingly and unlawfully committed] the misdemeanor by depriving any animal of necessary sustenance, food or drink or neglectfing] or refusing] to furnish it such sustenance or drink, or in any way furthered] any act of cruelty to any animal, or any act tending to produce such cruelty: to wit; At the aforesaid time and place upon the execution of a search warrant at the Palomino Palace, defendant did fail to provide necessary sustenance and food to a female equine by the name of . . . [various names of different horses in each complaint].”
After defendant was charged, the horses were seized and appellant Catskill Animal Sanctuary filed an application pursuant to Agriculture and Markets Law § 373 (6) seeking the posting of a security for the seized horses. That section provides in relevant part as follows:
“a. If any animal is seized and impounded pursuant to the provisions of this section or section three hundred seventy-five of this article for any violation of this article, upon arraignment of charges the duly incorporated society for the prevention of cruelty to animals, humane society, pound, animal shelter or *930 any authorized agents thereof, hereinafter referred to for the purposes of this section as the ‘impounding organization’, may file a petition with the court . requesting that the person from whom an animal is seized or the owner requesting that the person from whom an animal is seized or the owner of the animal be ordered to post a security. The security shall be in an amount sufficient to secure payment for all reasonable expenses expected to be incurred by the impounding organization in caring and providing for the animal pending disposition of the charges. Reasonable expenses shall include, but not be limited to, estimated medical care and boarding of the animal for at least thirty days. The amount of the security, if any, shall be determined by the court after taking into consideration all of the facts and circumstances of the case including, but not limited to the recommendation of the impounding organization having custody and care of the seized animal in accordance with this section, the impounding organization may draw from the security the actual reasonable costs to be incurred by such organization in caring for the seized animal.
“b. (1) Upon receipt of a petition pursuant to paragraph a of this subdivision the court shall set a hearing on the petition to be conducted within ten business days of the filing of such petition. The petitioner shall serve a true copy of the petition upon the defendant and the district attorney . . .
The petitioner shall have the burden of proving by a preponderance of the evidence that the person from whom the animal was seized violated a provision of this article. The court may waive for good cause shown the posting of security.”
Pursuant to the statute’s requirements, Carlisle Town Court held a lengthy hearing upon the Catskill Animal Sanctuary’s request for the posting of a security by defendant. Upon conclusion of the hearing, Carlisle Town Justice Honorable Mark S. Fletcher issued a thoughtful and detailed decision.
Thereafter on September 6, 2005, the People and defendant appeared in Carlisle Town Court for jury selection in the criminal case. Defendant moved to dismiss based on collateral estoppel. Specifically, defendant contended that since Town Court dismissed the Catskill Animal Sanctuary’s petition seeking the posting of security, which had a lower standard of proof than in *931 the criminal action, it would be impossible to obtain a conviction under the reasonable doubt standard. Town Court granted defendant’s motion; and, accordingly, dismissed the criminal action.
These appeals from both of the court’s decisions and resulting orders ensued.
Appeal of Town Court’s Decision Denying Catskill Animal Sanctuary’s Request for the Posting of Security
Catskill Animal Sanctuary’s primary argument on appeal is that Town Court’s decision was based upon an erroneous “interpretation that so long as the animals are alive, there cannot be a finding of animal cruelty pursuant to [Agriculture and Markets Law § 353].” In this regard, Town Court found, inter alia, that section 353 does not: “[D]ictate or intend to dictate management practices. It does not tell us that animals need to thrive. The intention here is to keep the animals alive, hence the term ‘necessary sustenance.’ That could be taken further to include ‘care,’ care which is necessary to sustain life.”
A careful reading of Town Court’s decision indicates that it determined that a person cannot be found to have violated Agriculture and Markets Law § 353, unless the animal(s) in question, because of lack of sustenance or care, would not survive. However, the statute in question prohibits a wider range of conduct than that envisioned by Town Court’s interpretation. Contrary to Town Court’s interpretation, Agriculture and Markets Law does address management practices: no one may commit an act of cruelty to an animal. Death need not be imminent to commit cruelty to an animal. What is required to constitute a violation of the Agriculture and Markets Law in a case such as this is that defendant committed an act of cruelty to an animal by failing to provide “necessary sustenance.”
Agriculture and Markets Law § 350, which defines various terms in article 26 of the Agriculture and Markets Law, provides that: “ ‘Torture’ or ‘cruelty’ includes every act, omission, or neglect, whereby unjustifiable physical pain, suffering or death is caused or permitted” (§ 350 [2] [emphasis supplied]).
Animal cruelty under Agriculture and Markets Law § 353 includes not only those acts or omissions that would result in death, but also encompasses a broad range of acts or omissions (see, People v Van Guilder, 282 AD2d 773 [2001], lv denied 96 *932 NY2d 836 [2001]; People v Ruger, 288 AD2d 686, 687 [2001], lv denied 97 NY2d 733 [2002]; People v O’Rourke, 83 Misc 2d 175 [1975]; People v Mahoney, 9 Misc 3d 101 [2005], lv denied 5 NY3d 854 [2005]; People v Arcidicono, 79 Misc 2d 294 [1973], affd 79 Misc 2d 242 [1974]). People v O’Rourke (see, 83 Misc 2d 175, 178, supra [1975]) instructs us that “[c]ruelty to an animal includes every unjustifiable act, omission, or neglect causing pain, suffering, or death which is caused or permitted. The test of cruelty is the justifiability of the act or omission” (citations omitted). Accordingly, Town Court erred in concluding that a violation of the Agriculture and Markets Law, as applicable here, could only be found if sustenance provided would not be sufficient to keep the horse(s) alive. The matter should be remitted to the Town Court for a determination based upon the proper standard.
Dismissal of Criminal Prosecution
Having determined that Town Court erred in determining the conduct prohibited by Agriculture and Markets Law § 353, the court also sets aside the determination of Town Court based on collateral estoppel to dismiss criminal proceedings against defendant. The criminal actions are, thus, reinstated.